369 So.2d 670 (1979)
John Robeson TURNER, Appellant,
v.
STATE of Florida, Appellee.
No. JJ-137.
District Court of Appeal of Florida, First District.
April 17, 1979.
Michael J. Minerva, Public Defender and Carl S. McGinnes, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
MASON (Retired), Associate Judge.
This is an appeal from a judgment and sentence entered and imposed in the Circuit Court of Escambia County by the Honorable Ervin Fleet, Circuit Judge.
We reverse. Appellant Turner was charged in Count II of an amended information with the crime of principal in the *671 first degree to the criminal offense of solicitation. In such count it was charged that the appellant "did aid, abet, counsel or otherwise procure as a principal in the first degree, the commission of a felony, to wit: Solicitation to Commit Burglary of a Conveyance ... in that the said John Robinson Turner did aid, abet counsel or otherwise procure one Teddy Warren Kelly to unlawfully solicit another, to wit: Mitchell McNeil to enter or remain in a certain conveyance, to wit: The State Vehicle of Florida Department of Criminal Law Enforcement Special Agent M.R. Cornelius, with the intent to commit an offense therein, to wit: Grand Larceny ...".
Count I of the amended information charged Kelly with the crime of solicitation of McNeil to commit the crime of burglary of the conveyance described in Count II with the same intent as referred to in such Count II. The two counts were severed for trial purpose and on November 21, 1977, Kelly was tried under the first count by a jury and found not guilty and later adjudicated not guilty by the court. Following such acquittal of Kelly, Turner moved the court to dismiss Count II against him on the ground that Kelly having been acquitted under Count I, the State was estopped to try him as a principal in the first degree to the same offense. We agree.
Appellant was charged as a principal in the first degree under the provisions of F.S. 777.011 (1977). This statute was enacted in 1974 (Chapter 74-383) and defines a principal in the first degree as follows:
"Principal in first degree.  Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, convicted, and punished as such, whether he is or is not actually or constructively present at the commission of such offense." (Emphasis supplied)
Prior to the enactment of the 1974 statute the underscored words were not included in the statute defining a principal in the first degree but such prior statute enacted in 1957 was merely a statute replacing the former accessory before the fact statute.
By adding the underscored words in the 1974 statute the Legislature has made it as a prerequisite to a conviction for being a principal in the first degree to a crime of aiding, abetting, counseling, hiring or otherwise procuring such crime to be committed by another person, that such other person must have committed or attempted to commit such crime. Since Kelly was acquitted of the crime of solicitation as charged in Count I of the information, a necessary element of the crime of principal in the first degree by aiding, abetting, counseling, hiring or otherwise procuring charged against appellant has ceased to exist. Therefore, appellant cannot later be charged and convicted of the crime of principal in the first degree to the crime of solicitation.
Appellant's judgment of conviction and sentence imposed thereupon is hereby reversed and he is hereby discharged therefrom.
MILLS, Acting C.J., and ERVIN, J., concur.