403 So.2d 443 (1981)
Russell H. POTTS, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1854.
District Court of Appeal of Florida, Second District.
July 29, 1981.
Rehearing Denied September 17, 1981.
*444 Jerry Hill, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, St. Petersburg, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Eula Tuttle Mason, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
One Ramirez burglarized a Clearwater car dealer. In the process, Ramirez placed his hand on the shoulder of one of the employees of the business and guided him to the men's room, telling him to remain there and he would not be hurt.
Ramirez and appellant were charged with first degree burglary, i.e., a burglary during which an assault occurs. The state contended that appellant had transported Ramirez to the scene of the crime, stood by in the vicinity until summoned by Ramirez via walkie-talkie radio, and then picked him up for the getaway.
In a separate trial, Ramirez was found guilty of simple (third degree) burglary. Appellant was then tried, found guilty as charged, and sentenced to thirty years in prison.
Appellant first contends that he could be convicted of no offense greater than that of which his confederate was found guilty. He relies upon Turner v. State, 369 So.2d 670 (Fla. 1st DCA 1979), which held that one could not be convicted on a charge that he "did aid, abet, counsel or otherwise procure" the commission of a felony by another when the person he was charged with aiding had already been acquitted of the felony. Our case differs from Turner only in the fact that the state charged appellant in language indicating that he personally committed the burglary and the assault. Yet, the information referred to the statute on principals in the first degree, section 777.011, Florida Statutes (1977),[1] and the record reflects that appellant's involvement was limited to participation in the planning of the crime and the transportation of his confederate to and from the building which was burglarized. Thus appellant's conviction as a principal could only be predicated upon his participation as an aider and abettor.
Turner notwithstanding, we are compelled to reject appellant's contention on this point. At common law an accessory before the fact could not be convicted without the prior conviction of the primary offender. Standefer v. United States, 447 U.S. 10, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980). However, an aider and abettor, traditionally known as a principal of the second degree, could be convicted notwithstanding the prior acquittal of the first degree principal. Id. The enactment of the statute on principals had the effect of combining accessories before the fact and principals in the first and second degree into the same category. Blackburn v. State, 314 So.2d 634 (Fla. 4th DCA 1975), cert. denied, 334 So.2d 603 (Fla.), cert. denied, 429 U.S. 864, 97 S.Ct. 170, 50 L.Ed.2d 142 (1976). Under the statute, the acquittal of the primary offender does not bar the *445 conviction of an aider and abettor. Butts v. State, 286 So.2d 28 (Fla.2d DCA 1973).
The court in Turner stressed the fact that the words "and such offense is committed or is attempted to be committed" had been added to the statute in 1974. These words add little. The federal statute on principals does not contain such words; yet in order to convict an aider and abettor under federal law there must be proof of a completed crime. United States v. Alvarez, 610 F.2d 1250, rev'd on other grounds on rehearing en banc, 625 F.2d 1196 (5th Cir.1980). We cannot quarrel with the premise that in order to convict appellant as a principal of the crime charged, the state had to show that his confederate burglarized a building and committed an assault therein. However, the fact that appellant's confederate was convicted of only simple burglary in another trial does not diminish the fact that there is proof in this record that appellant's confederate did commit a burglary and an assault. Thus, we cannot construe the 1974 amendment to the statute to mean that the confederate's conviction is a prerequisite to appellant's guilt as a principal.[2]
To the extent that the Turner decision may rest upon the principle of estoppel, the United States Supreme Court's recent decision in Standefer has substantially weakened its foundation. In that case, the Court reviewed a conviction of aiding and abetting an internal revenue agent in accepting unauthorized compensation. Because the agent had previously been acquitted of accepting such compensation, the defendant contended that he could not be convicted for aiding and abetting in the commission of that crime. The Court held that since the federal statute made an aider and abettor a principal, the fate of the revenue agent was irrelevant, rejecting the defendant's argument that the government should be estopped from relitigating the determination that the agent had not accepted illegal compensation. It gave several illustrations of why a person might be acquitted which would have nothing to do with whether his aider and abettor could be found guilty. In affirming the conviction, it concluded that consistency in jury verdicts was not legally required. Insofar as federal law is concerned, Standefer squarely holds that the doctrine of "nonmutual collateral estoppel" cannot be extended fairly from civil cases, where it originated, to criminal cases because (1) an acquittal can result from many factors other than guilt or innocence and (2) there is no procedure for retrying an acquitted defendant where the verdict was clearly error or against the weight of evidence. It is clear that in federal courts the bar of collateral estoppel is constitutionally compelled only when the same defendant is involved in both trials. See Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); United States v. Hatrak, 588 F.2d 414 (3d Cir.1978).
We note that California has applied the doctrine of collateral estoppel to preclude prosecution of an aider and abettor following his confederate's acquittal. People v. Taylor, 12 Cal.3d 686, 527 P.2d 622, 117 Cal. Rptr. 70 (1974). However, while mutuality has not been a requirement of collateral estoppel in California civil law for some time, it remains a prerequisite of collateral estoppel in Florida. Compare Bernhard v. Bank of America National Trust & Savings Association, 19 Cal.2d 807, 122 P.2d 892 (1942), with Seaboard Coast Line Railroad Co. v. Cox, 338 So.2d 190 (Fla. 1976). In the final analysis, the acquittal of appellant's confederate of the assault has no bearing on the disposition of the charge against appellant.
We find, however, that there is merit in appellant's contention that the trial court erred in allowing the state rebuttal witnesses to testify without their names being disclosed pursuant to Florida Rule of Criminal Procedure 3.220(a)(1)(i).
*446 In the course of appellant's trial the state called three rebuttal witnesses after appellant had testified in his own defense. Appellant immediately objected to the testimony of each of these three witnesses on the ground, among others, that they had not been included on the state's list of witnesses furnished pursuant to his discovery demand. The trial court was of the opinion that the state need not disclose rebuttal witnesses. Accordingly, appellant's objection was overruled without any inquiry as to whether or not such failure prejudiced the appellant in his defense. Appellant's request to recess and depose or interview the witnesses was denied and they were permitted to testify. Their testimony contradicted appellant's testimony in various material particulars.
Rebuttal witnesses are not an exception to the requirements of Florida Rule of Criminal Procedure 3.220(a)(1)(i). Kilpatrick v. State, 376 So.2d 386 (Fla. 1979); Hardison v. State, 341 So.2d 270 (Fla.2d DCA), cert. denied, 348 So.2d 952 (Fla. 1977). Once a failure to disclose the name of a witness is called to the attention of the trial court, an inquiry must be held to determine whether the state's failure was willful, whether or not the effect of the omission is substantial and whether it prejudiced the accused's preparation for trial. Failure to do so requires reversal. Richardson v. State, 246 So.2d 771 (Fla. 1971); Hardison v. State, supra; Thompson v. State, 374 So.2d 91 (Fla.2d DCA 1979).
Therefore, we set aside the judgment and sentence and remand for a new trial.
GRIMES, A.C.J., and OTT and DANAHY, JJ., concur.
NOTES
[1] 777.011 Principal in first degree.  Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, convicted, and punished as such, whether he is or is not actually or constructively present at the commission of such offense.
[2] Because the amendment was enacted as part of the revision of the entire criminal code, it is difficult to glean the legislative intent. It may be that the words were added to extend the scope of the statute to attempted crimes or, alternatively, to differentiate from criminal solicitation which was first made a statutory crime in the same legislation. Ch. 74-383, Laws of Fla.