LETTS, Chief Judge.
The State appeals from an order granting the defendant’s Motion to Dismiss.
*205 The defendant was indicted on several counts of selling “harmful” material depicting sexual conduct, to a juvenile contrary to Section 847.012(1), (2), Florida Statutes (1979). He filed a motion to dismiss stating it was actually his employee who sold the material and he did not authorize her to do so. The State filed a traverse denying this allegation.
Defendant then filed a second motion to dismiss asserting that the only theory upon which he could be held liable for the offense was if his employee was acting as his agent at the time of the sale. Defendant then asserted that since the employee had been found not guilty in her criminal trial on the same charge, it was impossible for him to be “derivatively liable.” The State filed an answer setting forth several reasons why this was not true, but the court granted defendant’s motion stating that the acquittal of the employee necessitated dismissal of the charge against defendant. The State appeals. Defendant has not filed a brief.
The State’s contention is meritorious. It is undisputed that defendant was not in the store at the time his employee allegedly sold the material to the juvenile. The disputed fact was whether he “authorized, instructed, induced or otherwise caused [his employee]” to sell the material to a juvenile. Accordingly the defendant could be convicted as an aider and abettor because he aided, abetted, counseled, hired, or otherwise procured his employee to commit the offense of selling to the juvenile. An aider and abettor’s conviction is valid regardless of the disposition of the principal’s separate trial. Standefer v. United States, 447 U.S. 10, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980); Blackburn v. State, 314 So.2d 634 (Fla. 4th DCA 1975), cert. denied 334 So.2d 603 (Fla.1976), cert. denied 429 U.S. 864, 97 S.Ct. 170,50 L.Ed.2d 142 (1976). Potts v. State, 403 So.2d 443 (Fla. 2d DCA 1981).
This cause is reversed and remanded.
HERSEY and GLICKSTEIN, JJ., concur,