PER CURIAM.
This cause is before us to review a decision of the District Court of Appeal, Fourth District, Sobel v. State, 410 So.2d 556 (Fla. 4th DCA 1982). We granted review because of conflict with Turner v. State, 369 So.2d 670 (Fla. 1st DCA 1979). We have jurisdiction, article V, section 3(b)(3), Florida Constitution.
Dawn Sobel, John Gombos, and others were indicted for first degree murder of a police officer shot by Gombos while he and Sobel were seeking to aid the escape of prisoners guarded by the officer. Gombos was tried first and convicted of second degree murder. Prior to the commencement of her trial, Sobel moved to have the first degree murder charge against her reduced to second degree murder on the reasoning that she was an aider and abettor to Gom-bos and could be convicted of no higher offense than that for which Gombos had been convicted. That motion was denied and she was subsequently convicted of first degree murder and of aiding the escape of a prisoner.
In affirming Sobel’s conviction, the Fourth District recognized that Potts v. State, 403 So.2d 443 (Fla. 2d DCA 1981), was in conflict with Turner, and chose to rely upon the authority of Potts. This Court affirmed Potts, thereby disapproving Turner. Potts v. State, 430 So.2d 900 (Fla.1982). The question of whether an aider or abettor to a substantive crime may be convicted under section 777.011, Florida Statutes (1977), of a greater crime than the confederate/principal has been thus answered affirmatively by this Court.
The petitioner also challenges her conviction on the ground that she received ineffective assistance from trial counsel who approached the bench during trial and argued for a mistrial on the ground that he had been ineffective in his representation. After consideration, the trial court denied the motion for mistrial. Petitioner did not move for post-conviction relief, but appealed the denial of the motion. Upon motion of respondent, the Fourth District Court of Appeal struck this point on appeal without explication.
Although we are not precluded from considering this issue along with the conflict issue, we decline to do so under the present posture of the case and the state of the record available to us. Trushin v. State, 425 So.2d 1126 (Fla.1982). Our declination is without prejudice to appellant’s right to raise the issue by way of Florida Rule of Criminal Procedure 3.850.
We approve the decision of the district court of appeal.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, MCDONALD, EHRLICH and SHAW, JJ., concur.
OVERTON, J., dissents with an opinion.