491 So.2d 532 (1986)
Robert Lacy PARKER, Appellant,
v.
STATE of Florida, Appellee.
No. 68987.
Supreme Court of Florida.
July 8, 1986.
Robert J. Link, Jacksonville, for appellant.
Jim Smith, Atty. Gen. and Henri C. Cawthon and Mark C. Menser, Asst. Attys. Gen., Tallahassee, for appellee.
PER CURIAM.
The appellant, Robert Lacy Parker, was convicted of two counts of first-degree murder, and one count of third-degree murder, and was sentenced to death. We affirmed the convictions and sentences. Parker v. State, 458 So.2d 750 (Fla. 1984), cert. denied, ___ U.S. ___, 105 S.Ct. 1855, 85 L.Ed.2d 152 (1985). Appellant's motion to vacate judgment and sentence and his application for a stay of execution before the trial court, pursuant to Florida Rule of Criminal Procedure 3.850, was denied by the trial court without an evidentiary hearing. Appellant seeks review of that denial. We have jurisdiction, article V, section 3(b)(1), Florida Constitution, and we affirm.
Appellant raises three claims, two of which we find to be meritless, and only one which warrants discussion.
Appellant alleges a Brady[1] violation because the prosecutor at appellant's trial had made some cash payments, for lunch, travel expenses and loss of earnings, to several state witnesses. While we express no opinion on the propriety of these payments, see Groover v. State, 489 So.2d 15 (Fla. 1986), we find appellant has shown nothing entitling him to relief.
Initially, we note that this issue has been addressed before. Counsel for appellant discovered, subsequent to appellant's trial and advisory sentencing proceeding, that three witnesses, Carl Barton, Spencer Hance and Joan Bennett, had each received $20 from the prosecutor during the course of appellant's trial. Appellant brought this issue to the trial court's attention in his motion for new trial; this motion was denied. Appellant raised this issue before this Court on direct appeal; we found the issue to be insufficient to require reversal. 458 So.2d at 752. In the hearing below upon the instant motion, the trial court stated in its order denying appellant's motion *533 for a subpoena duces tecum for records of these payments in the control of the state's attorney's office and motion for evidentiary hearing, that the evidence sought to be subpoenaed was cumulative to that presented in appellant's motion for a new trial, and raised on direct appeal before this Court. We agree.
Even if we assume that the nondisclosure of these small payments were a Brady violation, and that evidence of the extent and amount of these payments was not available to appellant until this year as counsel for appellant alleges, we find that appellant is not entitled to relief. In United States v. Bagley, ___ U.S. ___, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985), the United States Supreme Court held that evidence is "material" for Brady purposes, "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Id. at 3384. Under this test, appellant's claim must fail. Appellant concedes that the testimony of Bennett and Long was crucial to the state's case. Our review of the trial record shows that appellant cross-examined Bennett about her interest in testifying, informing the jury that Bennett received a reduction in charges from first-degree murder to accessory after the fact in exchange for her testimony against appellant. Long was similarly cross-examined by appellant about his interest in testifying, informing the jury that Long, who shot one of the victims, Nancy Shepard, was allowed to plead guilty to second-degree murder and received a thirty-year prison sentence in exchange for his testimony against appellant. Applying the Bagley test, we must conclude that even if the jury had been informed about the one or two $20 dollar payments each of these witnesses allegedly received, the result of the trial would not have been different.
Appellant alleges this same Brady violation with numerous collateral witnesses and contends that these collateral witnesses contradicted appellant's testimony, thus undermining appellant's credibility with the jury. According to appellant's argument, had his counsel been aware of these payments, he would have been able to show these witnesses' interest in testifying. Even if true, we find the result to be totally speculative. The amount of money involved in these payments is small, and was characterized as simply lunch money, travel expenses and loss of earnings, and we cannot conclude that had the defense been aware of the payments, the result of appellant's trial would have been different.
Accordingly, the trial court's denial of relief is affirmed.
It is so ordered.
McDONALD, C.J., and ADKINS, BOYD, EHRLICH and SHAW, JJ., concur.
OVERTON, J., dissents with an opinion.
OVERTON, Justice, dissenting.
I find the allegations require an evidentiary hearing.
NOTES
[1] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).