522 So.2d 356 (1988)
Larry Joe JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 72046.
Supreme Court of Florida.
March 7, 1988.
*357 Larry Helm Spalding, Capital Collateral Representative, Mark Evan Olive, Chief Asst. CCR, Office of the Capital Collateral Representative, Tallahassee, and Steven Lauren Seliger, Quincy, for appellant.
Robert A. Butterworth, Atty. Gen. and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Under death warrant, appellant Larry Joe Johnson filed in the trial court a motion to vacate his sentence pursuant to rule 3.850, Florida Rules of Criminal Procedure. He further filed a motion for a stay of execution. The trial court summarily denied both motions and Johnson appeals that decision to this Court. We have jurisdiction, article V, section 3(b)(1), Florida Constitution, and we affirm the judgment of the trial court.
The first claim raised by Johnson concerns certain improper prosecutorial statements made during closing argument of the sentencing proceeding. While it is true that this claim is one that was asserted on direct appeal, Johnson urges this Court to review it now because the law has changed so significantly in this area. We do not agree. On appeal this Court disposed of this claim by stating that although certain statements were improper they were not so prejudicial as to have denied the defendant a fair sentencing proceeding. We see no reason to depart from that ruling.
The second issue raised by Johnson centers on the dual role or "caretaker of the jury" and "chief investigating officer" played by the county sheriff in the Johnson case. This issue was raised on direct appeal, and it was rejected. At that time, we expressed our displeasure with that practice, but we nonetheless upheld the conviction. Our disdain for the dual conflicting role practice remains, but that is insufficient to require reopening the issue at this time. Johnson alleges that there is new evidence of the sheriff's bias against Johnson which would cause this Court to reexamine that issue. Again, we do not agree. The charges of bias on the part of the sheriff were also made on direct appeal. We assumed then, as we do now that there was some bias against Johnson. We rejected the claim on the ground that the error did not prejudice Johnson, not because the evidence to support the claim was insufficient. Therefore we reject Johnson's second claim because it was raised and rejected by this Court on direct appeal, and is thus procedurally barred.
The final claim raised in this motion concerns the alleged confusion in the guilty verdict between premeditated murder and felony murder. This also was raised on direct appeal. Johnson alleges that the United States Supreme Court's holding in Sumner v. Shuman, ___ U.S. ___, 107 S.Ct. 2716, 97 L.Ed.2d 56 (1987), that automatic death penalties violate the eighth and fourteenth amendments to the United *358 States Constitution, is new law rendering this issue open for further review. While it is true that the Sumner opinion does represent new law, it is in no way applicable to the present case. Sumner involves the automatic, non-discretionary imposition of the death penalty in any situation. Johnson was afforded a full and fair sentencing hearing. While his sentence was proper, it was by no means automatic. Therefore, the new law cited by Johnson does not apply to this case, and does not require this Court to reconsider an issue raised and disposed of on direct appeal.
Accordingly, we affirm the trial court's denial of the appellant's rule 3.850 motion, and deny the request for a stay of execution. No motion for rehearing will be allowed.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.