601 So.2d 271 (1992)
Judith Nicole LOREN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1600.
District Court of Appeal of Florida, First District.
June 5, 1992.
*272 Sharon Bradley of Daley and Associates, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
Appellant, Judith Nicole Loren, challenges the summary denial of her motion for postconviction relief. Although a claim for ineffective assistance of trial counsel was raised on direct appeal, we do not consider the effectiveness claim now raised as being procedurally barred. We therefore reverse and remand for further proceedings.
Appellant was indicted for first degree murder of her husband, convicted as charged, and sentenced to life imprisonment. A direct appeal, in which appellant raised the issue of ineffective assistance of counsel, resulted in an affirmance. See Loren v. State, 518 So.2d 342 (Fla. 1st DCA 1987).
Appellant thereafter timely filed a motion for postconviction relief, raising only the issue of effectiveness of counsel based on defense counsel's failure to adequately investigate witnesses  particularly the actual murderer, William Briggs, who was the state's chief witness, research and present evidence of appellant's mental state, and develop any defense theory. The state responded to this motion, arguing that because appellant presented an effectiveness claim in her direct appeal, she should not be permitted to raise it again in a postconviction proceeding. The trial court agreed with the state and entered an order summarily denying appellant's motion on that basis.
As a general rule, claims of ineffective assistance of counsel are generally not reviewable on direct appeal, but are properly raised in a motion for postconviction relief. Kelley v. State, 486 So.2d 578, 585 (Fla.), cert. denied, 479 U.S. 871, 107 S.Ct. 244, 93 L.Ed.2d 169 (1986); Healey v. State, 556 So.2d 488 (Fla. 2d DCA 1990); Cumper v. State, 506 So.2d 89 (Fla. 2d DCA 1987). The reasons for this rule are because the trial court never had the opportunity to consider the issue below, and the issue often involves collateral questions of fact that cannot be determined by the trial record. Sobel v. State, 564 So.2d 1110, 1112 (Fla. 4th DCA 1990), review denied, *273 576 So.2d 291 (Fla. 1991); Kelley, 486 So.2d at 585; Healey, 556 So.2d at 489.
There are two exceptions to the above rule. The first exists when defense counsel's failure to prepare was brought about by the speed in which the case went to trial, not by trial counsel's dilatory action. For example, in Valle v. State, 394 So.2d 1004 (Fla. 1981), a capital murder case, the court held on direct appeal that the expedited trial date (within 24 days after arraignment) and resultant abbreviated trial preparation period which precluded defense counsel, even though diligent, from interviewing 24 of the 59 witnesses listed by the state, from investigating the defendant's mental condition, and from presenting evidence concerning pretrial motions, denied the defendant his constitutional right to effective assistance of counsel and required new trial. See also White v. Ragen, 324 U.S. 760, 764, 65 S.Ct. 978, 980, 89 L.Ed. 1348, 1352 (1945) ("it is a denial of the accused's constitutional right to a fair trial to force him to trial with such expedition as to deprive him of the effective aid and assistance of counsel").
The second exception arises when the record below is sufficient to allow determination of an effectiveness claim. For example, in Fasano v. State, 548 So.2d 1191 (Fla. 4th DCA 1989), the court concluded that an effectiveness claim based on dual representation of codefendants during the same trial could be considered on direct appeal where the facts giving rise to a claim of conflict or prejudice to defendant were apparent on the face of the record. See also Lynn v. State, 567 So.2d 1043 (Fla. 5th DCA 1990) (effectiveness claim regarding trial counsel's failure to move to suppress certain evidence considered on direct appeal). Cf. Healey (effectiveness claim based upon dual representation of codefendants in same trial could not be determined on direct appeal because it involved collateral questions of fact that could not be determined solely on basis of trial record). But see Sobel, 437 So.2d 144, 145-47 (Overton, J., dissenting) (usual rule requiring that effectiveness claim be raised via 3.850 motion inapplicable where the trial court denied motion for mistrial, which had alleged that trial counsel was ineffective in representing defendant by relying upon an insanity defense in the absence of any evidence supporting insanity and eliciting damaging evidence from a witness known to be adverse).
In the instant case, appellant properly raised an effectiveness issue on direct appeal under the Valle exception, that is, denial of effective assistance of counsel based on the speed in which the trial was conducted. Moreover, that issue was presented below in appellant's motion for mistrial made at the close of the state's evidence, and denied. Because the issue was one that could be properly brought on direct appeal, and because the issue was raised below and ruled on by the trial court, any attempt to raise this particular effectiveness issue by postconviction proceedings is procedurally barred. See Johnson v. State, 522 So.2d 356 (Fla. 1988); Parker v. State, 491 So.2d 532 (Fla. 1986).
We decline, however, to affirm the order insofar as it relates to the reasonableness of defense counsel's delay in adequately preparing for trial, because we recognize that "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Squires v. State, 558 So.2d 401, 403 (Fla. 1990) (quoting Strickland v. Washington, 466 U.S. 668, 691, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674, 695 (1984)). Indisputably, allegations of an attorney's failure to properly investigate and prepare a defense may establish grounds for ineffective assistance of counsel. Majewski v. State, 487 So.2d 32 (Fla. 1st DCA 1986) (allegation that defense counsel failed to interview or call alibi witnesses sufficiently alleged ineffective assistance of counsel claim). Accord Prieto v. State, 573 So.2d 398 (Fla. 2d DCA 1991); Gaines v. Hopper, 575 F.2d 1147 (5th Cir.1978). Thus, once an effectiveness claim is made, a particular decision not to investigate must be directly assessed for reasonableness. Squires, 558 So.2d at 403 (quoting Strickland).
*274 Although the trial transcript, including appellant's motions for continuance and mistrial and the argument thereon, is not part of the record on appeal, a review of this court's file[1] for appellant's direct appeal indicates that the only aspect of ineffective assistance of counsel that was previously argued was the timing element; that is, the haste in which the case was brought to trial. Thus, it appears that trial counsel's decisions in postponing the commencement of discovery and the investigation of certain witnesses were not previously "directly assessed for reasonableness" by this court. Squires, 558 So.2d at 403 (quoting Strickland).
To conclude: Although we agree with the state that an effectiveness claim based upon the speed in which the case was brought to trial is now procedurally barred, we do not agree that a similar claim questioning the reasonableness of trial counsel's decisions is likewise barred. Moreover, because the record before us does not otherwise support the trial court's summary denial of the motion to vacate, the order is
REVERSED and the case REMANDED for further proceedings consistent with Florida Rule of Criminal Procedure 3.850.
WIGGINTON and KAHN, JJ., concur.
NOTES
[1] This court may, of course, take judicial notice of its files. See Gulf Coast Home Health Servs. of Fla., Inc. v. Department of Health & Rehab. Servs., 503 So.2d 415, 417 (Fla. 1st DCA 1987).