PER CURIAM.
Bruce H. Williams raises two issues in this direct appeal of his judgment of conviction and sentence. First, Mr. Williams asserts that the trial court erred in sentencing him as a habitual violent felony offender, because it was more than five years between his release on parole from his earlier conviction and the offense for which he was convicted in this case. The State concedes that the trial court erred in imposing this sentence.[1]
The second issue on appeal involves the admissibility of an in-court identification of the appellant by a witness for the State. Mr. Williams concedes that there was no timely objection to the admissibility of the identification, but asserts that the issue may still be reviewed by this court because it was either a fundamental error for the trial court to admit the identification, or his trial counsel rendered ineffective assistance. There was no fundamental error. See Douglas v. State, 328 So.2d 18, 21 (Fla.), cert. denied, 429 U.S. 871, 97 S.Ct. 185, 50 L.Ed.2d 151 (1976). Furthermore, claims of ineffective assistance of counsel ordinarily should be raised in a motion pursuant to Rule 3.850, rather than on direct appeal. Loren v. State, 601 So.2d 271, 273 (Fla. 1st DCA 1992). Mr. Williams argues that this case falls into one of the exceptions explained in the Loren case, specifically, that the record below is sufficient to allow determination of the claim of ineffective assistance of counsel. We do not agree.
Accordingly, this cause is REVERSED IN PART and REMANDED for resentencing.
ZEHMER, C.J., and BOOTH and DAVIS, JJ., concur.

. We note that the State conceded error in the Answer Brief, yet the appellant continued to argue this point in the Reply Brief. That is not an appropriate use of the Reply Brief and should be avoided in future.