PER CURIAM.
In his Rule 3.850 motion for post conviction relief, appellant alleged that trial counsel was ineffective in failing to make an objection adequate to preserve an issue concerning the admissibility of expert psychological testimony to the effect that a child exhibited symptoms consistent with child sexual abuse syndrome. At the time appellant’s trial took place, the admissibility issue had been certified to the supreme court. See Hadden v. State, 690 So.2d 573 (Fla.1997), Irving v. State, 705 So.2d 1021 (Fla. 1st DCA 1998), On direct appeal, appellate counsel filed an Anders brief, and this court affirmed.
The circuit court directed the state to respond to appellant’s 3.850 motion. The state asserted that the issue should have been raised on direct appeal, and therefore was procedurally barred. Following the state’s response, the court denied the motion without hearing, ruling that the issue was procedurally barred. The trial court did not attach to the order denying appel *1196 lant’s motion any portion of the record showing conclusively that he is not entitled to relief. We reverse.
The issue of ineffective assistance of counsel is rarely appropriately raised on direct appeal. See, e.g., Williams v. State, 644 So.2d 330 (Fla. 1st DCA 1994)(“claims of ineffective assistance of counsel ordinarily should be raised in a motion pursuant to Rule 3.850, rather than on direct appeal”). Therefore, the ineffective assistance issue was not procedurally barred.
As an alternative argument, appellant contends that if the issue was preserved and trial counsel was not ineffective, then appellate counsel was ineffective in failing to argue the admissibility issue on direct appeal. Since we are remanding for resolution of the question of ineffective assistance of trial counsel, we do not reach the alternative issue.
REVERSED and REMANDED for attachment of portions of the record showing conclusively that appellant is not entitled to relief or for an evidentiary hearing.
JOANOS, PADOVANO and BROWNING, JJ., CONCUR.