KAHN, J.
In this criminal case, the trial court denied appellant’s motion to withdraw his plea and also denied trial counsel’s motion to withdraw as appellant’s lawyer prior to the hearing on the motion to withdraw plea. We affirm.
The thrust of this appeal concerns appellate counsel’s contention that trial counsel rendered ineffective assistance to appellant during the phase of this case in which appellant sought to withdraw his plea. In the words of appellant’s brief:
[C]ounsel for Appellant (who wished to withdraw) filed a legally insufficient motion and then did not make any arguments on behalf of Appellant. Counsel’s actions were per se ineffective assistance of counsel because counsel did nothing to argue Appellant’s case.
Appellant argues that this court may review a claim of ineffective assistance of counsel on direct appeal “if the ineffective assistance of counsel is apparent from the face of the trial record.” He relies upon several cases for this proposition. See Loren v. State, 601 So.2d 271 (Fla. 1st DCA 1992); Lynn v. State, 567 So.2d 1043 (Fla. 5th DCA 1990); Fasano v. State, 548 So.2d 1191 (Fla. 4th DCA 1989).
Under present statutory law, an appeal may not be taken in a criminal case “unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error.” § 924.051(3), Fla. Stat. (1997). “ ‘Preserved’ means that an issue ... was timely raised before, and ruled on by, the trial court ....”§ 924.051(l)(b), Fla. Stat. (1997). Given these requirements, the ease will be exceedingly rare when a dis *445 trict court of appeal reviews a claim of ineffective assistance of counsel raised for the first time on appeal. Nothing raised in this appeal suggests fundamental error. Accordingly, the claim of ineffective assistance of counsel must be first brought before the trial court in an appropriate proceeding.
AFFIRMED.
BOOTH and BROWNING, concur.