764 So.2d 630 (2000)
Melvin B. THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D97-3831.
District Court of Appeal of Florida, First District.
March 31, 2000.
Rehearing Denied May 30, 2000.
Nancy A. Daniels, Public Defender; and Phil Patterson, Assistant Attorney General, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; and Terri Leon-Benner, Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
Appellant, Melvin B. Thompson, directly appeals his departure sentence of life imprisonment *631 without parole after convictions for armed sexual battery, armed burglary, false imprisonment, and aggravated assault. We affirm all issues, but without prejudice to Appellant's right to file a timely motion for post-conviction relief relating to trial counsel's failure to timely file Appellant's motion to disqualify trial judge. See Fla. R.Crim. P. 3.850. Also, this ground, that trial counsel was ineffective for failing to timely file the Defendant's motion for disqualification of trial judge, merits discussion.
On March 20, 1996, prior to trial, defense counsel filed a motion to disqualify the trial judge based on the following allegations:
On March 6, 1996, a hearing was held on defense counsel's motion to withdraw. During the hearing, defense counsel advised the court that defense counsel could not be effective in representing Thompson because of statements made to counsel by Thompson. The court responded that defense counsel need not fear Thompson's threats because the court intended to sentence him to life in prison upon his conviction. The comments indicate the trial judge had determined the sentence to be imposed prior to trial; Thompson had reason to fear the court would favor the prosecution to insure his conviction so the court could impose a life sentence; the comments indicate the court would not be inclined to consider any mitigating circumstances if Thompson were convicted of the offenses; and, the court was predisposed to sentence him to the maximum possible sentence.
The trial judge denied the motion because Florida Rule of Judicial Administration 2.160(e) provides that a motion for disqualification of a trial judge must be made within ten days after the discovery of the facts constituting the grounds for disqualification. Because the grounds for disqualification were discovered on March 6, 1996, and the motion was not filed until March 20, 1996, the trial court denied the motion as untimely and facially insufficient. Counsel gave no reason for failing to timely file the motion.
After a jury trial, Appellant was found guilty of each offense as charged. At sentencing, although Appellant's presumptive guidelines sentence was from 122 to 204 months in prison, the trial court imposed a departure sentence of life without parole, and probation for life, to be served consecutively to the life sentence (the very same sentence that Appellant alleged in his motion that the trial court had promised). On these facts Defendant asserts a claim of ineffective assistance of trial counsel.
Claims of ineffective assistance of counsel are not ordinarily cognizable on direct appeal, but are instead left for resolution by a motion for post-conviction relief that affords a more thorough means of review of a claim by way of an evidentiary hearing. Loren v. State, 601 So.2d 271, 272 (Fla. 1st DCA 1992). An exception to this rule exists where the deficient performance of counsel and the prejudice to the defendant are apparent on the face of the record. Blanco v. Wainwright, 507 So.2d 1377, 1384 (Fla.1987); Rios v. State, 730 So.2d 831, 832 (Fla. 3d DCA 1999); Kirkman v. State, 692 So.2d 318 (Fla. 5th DCA 1997); Loren, 601 So.2d at 273.
Appellant argues that his case falls within this narrow exception allowing this court to address his claim of ineffective assistance of trial counsel, because both trial counsel's deficient performance and prejudice to Appellant are apparent from the face of the record. We disagree. The motion to disqualify trial judge was facially sufficient, as to the reasons for disqualification, and had it been timely filed, the trial judge would have been impelled to disqualify himself. However, the record is silent as to what reason, if any, existed for trial counsel's tardiness, and the record is inconclusive as to any resulting prejudice to Appellant. Thus, we determine that the issue of the ineffectiveness of Appellant's trial counsel can be best addressed in a *632 post-conviction proceeding, and we refrain from addressing Appellant's claim of ineffective assistance of counsel.
As the basis of Appellant's claim of ineffective assistance of trial counsel is trial counsel's failure to timely move to disqualify the trial judge for alleged prejudice against Appellant, in the event Appellant files a timely post-conviction motion addressing the issue of ineffective assistance of trial counsel, the chief judge of the Second Judicial Circuit in and for Leon County shall appoint a substitute trial judge to consider and act upon Appellant's motion.
AFFIRMED without prejudice to Appellant to file a timely motion for post-conviction relief based upon ineffective assistance of trial counsel for failure to timely file Appellant's motion for disqualification of trial judge.
ALLEN and BENTON, JJ., Concur.