PER CURIAM.
The appellant challenges the trial court’s order summarily denying his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the appellant’s claims are facially sufficient and the trial court failed to refute the appellant’s claims with record attachments, we reverse.
The appellant was convicted of four counts of DUI manslaughter and one count of DUI with a serious bodily injury. This Court affirmed the appellant’s convictions on direct appeal. Higginbotham v. State, 757 So.2d 502 (Fla. 1st DCA 2000) (unpublished table decision). The appellant later filed a motion for postconviction relief alleging that his counsel was ineffective for failing to call a witness, for failing to object to improper witness testimony, and for failing to file a motion to suppress his statements to the police. The trial court erroneously denied the appellant’s claims as barred because they were raised on direct appeal. While the underlying issues may have been raised on direct appeal, the fact that trial counsel was ineffective in presenting these issues to the trial court was not addressed on direct appeal. Corzo v. State, 806 So.2d 642, 644-645 (Fla. 2d DCA 2002); Thompson v. State, 764 So.2d 630 (Fla. 1st DCA 2000).
Because all of the appellant’s claims are facially sufficient and the trial court did not consider the merits of the appellant’s claims, we reverse the trial court’s summary denial and remand for the attachment of record portions conclusively refuting the appellant’s claims or for an evidentiary hearing.
REVERSED and REMANDED.
WOLF, C.J., LEWIS and POLSTON, JJ., concur.