993 So.2d 566 (2008)
Eulie POLANCO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-25.
District Court of Appeal of Florida, Fourth District.
October 22, 2008.
Rehearing Denied December 2, 2008.
Anthony B. Britt of Britt, Ferguson, Hathaway, Holiday and Levy, PLC, Fort Lauderdale, for appellant.
No appearance required for appellee.
WARNER, J.
Appellant moved for postconviction relief from her conviction for first-degree murder. The trial court summarily denied the claim. We affirm on all issues.
Most prominently, appellant claims that her counsel should have filed a motion for disqualification of the trial judge. In order to establish a claim of ineffectiveness for failure to file a motion for disqualification, a defendant must show that a facially sufficient claim of disqualification was present. See Thompson v. State, 990 So.2d 482 (Fla.2008). We conclude appellant's claim is legally insufficient. Appellant attaches an unfiled motion for disqualification, drafted after her conviction but before her direct appeal, reciting specific acts of conduct by the judge, as well as information from other court personnel, regarding the personal life of the judge, which information was learned during the trial. This motion was not signed by anyone, and more importantly, there is no affidavit or certificate from either trial counsel or anyone else asserting that the motion was made in good faith. See Fla. R. Jud. Admin. 2.330(c). *567 Although affidavits are attached to the motion for postconviction relief to support the grounds for disqualification, none of them confirm the acts of personal conduct alleged in the motion. Both the motion and the supporting affidavits rely on information about the trial judge from unnamed court personnel passed to the persons signing the affidavit.[1]
"A legally sufficient motion for disqualification cannot be based upon rumors or gossip...." Barwick v. State, 660 So.2d 685, 693 (Fla.1995); see also Dura-Stress, Inc. v. Law, 634 So.2d 769, 770 (Fla. 5th DCA 1994) (Sharp, J., concurring) (pointing out that no Florida case has allowed disqualification based solely on hearsay. "Although the party moving for disqualification of a judge need not have personal knowledge of the facts asserted in an affidavit filed to establish a basis to disqualify a judge, the affiant clearly must have some first-hand knowledge upon which to swear to the truth of the facts alleged. Otherwise, the affidavit is not truly an affidavit.") (footnote omitted); Hayslip v. Douglas, 400 So.2d 553, 556 (Fla. 4th DCA 1981) (although the party's personal knowledge of the facts set forth in the motion may not be necessary, all requirements of the rule for disqualification must be met, and the supporting affidavits must be "fully credible"). Finally, the objective information contained in the motion (but not in the affidavits), as opposed to the rumor and courthouse gossip, is legally insufficient to support the standard for disqualification, i.e., that a reasonably prudent person would fear that he or she could not get a fair trial. Id.
We also affirm as to the remaining issues raised. All are either legally insufficient, conclusively refuted by the record, or fail because appellant cannot show the necessary prejudice required by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
POLEN and TAYLOR, JJ., concur.
NOTES
[1] Only one of appellant's trial attorneys provided an affidavit, and in it she did not state any information regarding the trial judge, only that the administrative office of the public defender asked her about information on the judge. The more direct statements made in the affidavits of the chief assistant public defender and the appellate public defender are at least double or triple hearsay.