PER CURIAM.
By this petition for writ of prohibition, petitioner seeks to disqualify the trial judge after a final hearing and the trial judge’s oral ruling in favor of the opposing parties. While the grounds alleged for disqualification occurred during the trial, the petitioners did not move to disqualify at that time. The trial court orally ruled and requested that the respondent furnish a proposed final judgment. Ten days later, petitioner moved to disqualify the trial judge. Based upon Fischer v. Knuck, 497 So.2d 240 (Fla.1986), the motion to disqualify was untimely when delayed until after the final judgment. See also Lawson v. Longo, 547 So.2d 1279 (Fla. 3d DCA 1989). Even if it were timely, the grounds raised were legally insufficient. See Fla.Code Jud. Conduct Canon 3(B)(7)(d) (“A judge may, with the consent of the parties, confer separately with the parties and their lawyers in an effort to mediate or settle matters pending before the judge.”); Polanco v. State, 993 So.2d 566 (Fla. 4th DCA 2008) (legally sufficient motion for disqualification must have some first-hand knowledge upon which to swear to truth of allegations).
WARNER, LEVINE and CONNER, Associate Judges, concur.