IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MICHAEL S. RATLEY,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-3673

Opinion filed October 16, 2014.

An appeal from the Circuit Court for Nassau County.
Robert M. Foster, Judge.

Michael S. Ratley, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Giselle D. Lylen, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      Michael S. Ratley appeals the denial of his claim of ineffective assistance of trial counsel. Because Ratley is entitled to an evidentiary hearing on his claim, the summary denial of relief was erroneous.

Following the affirmance of his conviction and sentence for the first degree murder of his wife, Ratley timely filed a motion for post-conviction relief on the authority of rule 3.850, Florida Rules of Criminal Procedure. In his motion, he raised four claims of ineffective assistance of trial counsel. In his first claim, Ratley asserted trial counsel rendered ineffective assistance for failing to move to disqualify the trial judge assigned to his criminal case. Prior to the criminal trial, Ratley was a party to a civil proceeding involving the custody his child. According to Ratley's motion, Judge Foster presided over the proceeding and during the course thereof repeatedly referred to Ratley as a "murderer." Judge Foster later presided over the criminal trial. Ratley alleges in his post-conviction motion that he advised his defense counsel of these facts prior to the commencement of his criminal case, but counsel did not move to disqualify Judge Foster. Judge Foster also presided over Ratley's post-conviction proceeding at issue in the case at bar.

While granting an evidentiary hearing on the other claims raised, the circuit court denied an evidentiary hearing as to the ineffective assistance claim described above. Explained the circuit court:

> Ground One: Defendant attributes several statements to the presiding judge during dependency hearings without attaching or reference to the transcripts of these proceedings of which were conducted with the presence of a court reporter. Without the transcripts defendant's

2

allegations are unsupported by the record and his request as to Ground One is denied.

Failure to seek disqualification of a trial judge may be the basis for an ineffective assistance of counsel claim. See Thompson v. State, 990 So. 2d 482 (Fla. 2008); Polanco v. State, 993 So. 2d 566 (Fla. 4th DCA 2008). The circuit court did not find Ratley's claim to be legally insufficient, and indeed, given the allegations made in the motion for post-conviction relief, the claim was sufficient. See Thompson, and Thompson v. State, 764 So. 2d 630 (Fla. 1st DCA 2000). If a claim is legally sufficient, the claim can be resolved as a matter of law or by reliance upon the records of the case without resort to an evidentiary hearing. Fla. R. Crim. P. 3.850(f)(5). The circuit court did not resolve the claim as a matter of law and did not rely on records to deny relief. Instead, the circuit court denied relief because Ratley had not yet offered evidence in support of his claim. Such a disposition was erroneous. The State is to be given an opportunity to respond to claim one of the motion for post-conviction relief. Fla. R. Crim. P. 3.850(f)(6). Upon receipt of the State's response, the trial court is to grant an evidentiary hearing if the claim cannot be denied as a matter of law or because the record refutes the claim; such record must be attached to the order denying relief. See White v. State, 600 So. 2d 1236 (Fla. 2d DCA 1992).

Accordingly, the denial of relief as to claim one of Ratley's motion for post-conviction relief is reversed, and the cause is remanded for further proceedings. We affirm the remaining claims without comment.

AFFIRMED, in part, REVERSED, in part, and REMANDED.

VAN NORTWICK, WETHERELL, AND MAKAR, JJ., CONCUR.