JOANOS, Judge.
Appellant, Shabazz Randazo Harris, appeals his conviction and the sentence imposed upon his plea of no contest to charges of sale or delivery of cocaine within 200 feet of a public housing facility. The issues presented are (1) whether the trial court erred in failing to advise appellant sufficiently of the consequences of his plea before accepting it; (2) whether section 893.13(1)®, Florida' Statutes, is unconstitutionally vague; and (3) whether the written probation order is illegal because it does not conform to the oral pronouncement. We affirm in part and reverse in part.
The plea agreement which appellant signed specifies that he entered a “straight up plea.” The record also contains a plea negotiation form which indicates appellant was advised that control release consideration is not available for the offenses with which he was charged, and that any sentence imposed would be reduced only by application of twenty days incentive gain time per month. During the plea colloquy, the trial court inquired whether the charged offense carries a minimum mandatory sentence, but held no further oral discussion with regard to appellant’s understanding of the collateral consequences of the plea.
At sentencing, the trial court adjudicated appellant guilty of both offenses, and imposed a nine-year sentence in circuit court case number 93-351, to be followed by fifteen years of probation in circuit court case number 93-352. The court’s oral pronouncement of conditions of probation directed appellant to pay statutory costs and a fine; to submit to drug and alcohol evaluation, treatment, and counselling; to perform 500 hours of community service at the direction of his probation officer; and to stay away from areas known as high drug areas. With regard to the prohibition of appellant’s presence in high drug areas, paragraph (15) of the written probation order states:
(15) You will stay away from the following areas: If you are found within any of the proscribed areas, you are subject to immediate arrest.
(a) You will stay away from 9th Court and Cove Boulevard, including a one-block area in all directions and including sides of the perimeter streets.
(b) Massalina Memorial Homes Project as bordered by Palo Alto Avenue, 15th Street, Mercedes Avenue, and 14th Street.
(c) Foxwood Housing Project with borders defined as within 50 feet of the outside boundary of the Foxwood Housing Project.
(d) The Panama Villa Apartments and/or Panama Garden Apartments as bordered by 17th Street, Friendship Avenue, 18th Street, and Flowers Avenue, including both sides of the perimeter streets.
*1181 (e) You will stay away from the Safari, Midnight Lounge, Little Savoy, Alvin’s 007, including both sides of the perimeter streets.
If you are currently a resident within any of the proscribed areas, you must obtain permission from your supervising officer to maintain the residence.
The first issue concerns the trial court’s alleged failure to advise appellant sufficiently of the collateral consequences of his plea. Appellant asks this court to apply the rationale of Ashley v. State, 614 So.2d 486 (Fla.1993), to reverse his conviction and to remand with directions to offer appellant the opportunity to withdraw his plea. In Ashley, the court held that before a trial judge accepts a plea of guilty or nolo contendere, “there must be ‘an affirmative showing that it was intelligent and voluntary.’ ” 614 So.2d at 488. To make such a showing, the trial court must determine that the defendant understands the nature of the charge, the maximum penalty authorized by law, and if there is a mandatory minimum penalty. Fla. R.Crim.P. 3.172(c)(1). More specifically, the court instructed: “in order for the plea to be ‘knowing,’ i.e., in order for the defendant to understand the reasonable consequences of his or her plea, the defendant must ‘know’ beforehand that his or her potential sentence may be many times greater what it ordinarily would have been under the guidelines and that he or she will have to serve more of it.” 614 So.2d at 489.
Ashley concerned an habitual offender sentence which was imposed despite the state’s failure to serve a pre-plea written notice of intent to seek habitual offender sentencing. In addition, Ashley was not told of the possibility of habitualization or the consequences attendant upon such a sentence during the plea colloquy. Although Ashley failed to object to lack of notice at trial, review was granted on the ground that a contemporaneous objection is not required to preserve a purely legal sentencing issue. See also Bell v. State, 624 So.2d 821 (Fla. 2d DCA 1993), review denied, 634 So.2d 622 (Fla.1994).
The plea colloquy in this case may not have been conducted with the specificity contemplated in Ashley, however, this court concluded in Horton v. State, 646 So.2d 253, 256 (Fla. 1st DCA 1994), that “the primary consideration in Ashley was the state’s complete failure to advise the defendant of its intent to seek habitual offender sentencing prior to entry of the guilty plea.” The plea negotiation form in this case indicates that appellant was advised of the collateral consequences of his plea prior to its entry, i.e., appellant had actual notice of the consequences of his plea before acceptance of the plea by the trial court. Therefore, even if the Ashley rationale could be applied outside the habitual offender notice context, the decision would not apply in this instance.
The second issue concerns the constitutionality of section 893.13(l)(i), Florida Statutes (Supp.1990).[1] In Brown v. State, 629 So.2d 841, 843 (Fla.1994), the supreme court ruled that this provision is unconstitutionally void for vagueness, in that the phrase “public housing facility” does not give citizens fair warning as to what conduct is forbidden. The court further held that the statute was impermissibly vague in all applications, thereby making arbitrary or discriminatory enforcement likely.
“A facial challenge to a statute’s constitutional validity may be raised for the first time on appeal only if the error is fundamental.” State v. Johnson, 616 So.2d 1, 3 (Fla.1993). Fundamental error that can be raised for the first time on appeal is error that is basic to the judicial decision under review and equivalent to a denial of due *1182 process. Id. Since the statute at issue in this case “presents a due process problem,” Brown, 629 So.2d at 843, appellant’s failure to raise this issue before the trial court does not preclude our review of the constitutional issue.
Pursuant to section 893.13(l)(a)l., Florida Statutes (Supp.1990), sale of cocaine is a second-degree felony. The offense is elevated to a first-degree felony if the sale is accomplished within 200 feet of a public housing facility. § 893.13(l)(i), Fla.Stat. (Supp.1990). Under section 893.13(1)(1), the state was required to show that appellant sold or delivered cocaine within 200 feet of a public housing facility. In other words, to establish the commission of the first-degree felony, the state necessarily had to prove that appellant sold or delivered cocaine under section 893.13(l)(a)l. Thus, sale or delivery of cocaine is a necessarily included offense of section 893.13(1). See Paige v. State, 641 So.2d 179, 181 (Fla. 5th DCA 1994). See also R.W. v. State, 646 So.2d 783, 784 (Fla. 2d DCA 1994).
Because section 893.13(1)® has been ruled void for vagueness, we reverse the judgment, and remand for resentencing in accordance with section 924.34, Florida Statutes, which provides:
When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish his guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.
Upon remand, the trial court is directed to enter a judgment of guilt as to section 893.13(l)(a)l., and to resentence appellant in accordance with the penalties provided for a second-degree felony.
The final issue concerns the discrepancy between the written probation order and the trial court’s oral pronouncement at the sentencing proceedings. It is well settled that a written probation order may not impose conditions of probation that were not orally pronounced. Turner v. State, 615 So.2d 819 (Fla. 1st DCA 1993), quashed on other grounds, 631 So.2d 303 (Fla.1994); Coupe v. State, 591 So.2d 304 (Fla. 1st DCA 1991). In this case, conditions of probation were imposed in paragraph fifteen of the probation order that were not orally pronounced. On resentencing, the court is free to reimpose those conditions if it chooses to place appellant on probation, and properly announces the conditions both orally and in the written order.
Accordingly, appellant’s conviction and sentence are reversed, and the cause is remanded with directions to enter a judgment of guilt as to section 893.13(l)(a)l., and to resentence appellant accordingly.
ERVIN and BARFIELD, JJ., concur.

. § 893.13(1)0), Fla.Stat. (Supp.1990) states in part:
(i) Except as authorized by this chapter, it is unlawful for any person to sell, purchase, manufacture, or deliver, ... a controlled substance in, on, or within 200 feet of the real property comprising a public housing facility, ... Any person who violates this paragraph with respect to:
1. A controlled substance named or described in § 893.03(l)(a), (l)(b), (l)(d), (2)(a), or (2)(b) commits a felony of the first degree, ... and shall not be eligible for parole or release under the Control Release Authority pursuant to § 947.146 or statutory gain-time under § 944.275.