FULMER, Judge.
The State appeals the trial court’s ruling granting Quintus Higdon’s motion for judgment notwithstanding the verdict and reducing Higdon’s conviction from sale or delivery of cannabis within 1000 feet of a convenience business to simple possession of cannabis. We reverse because the trial court should have reduced the conviction to sale of cannabis instead of simple possession.
The State charged Hidgon with sale or delivery of cannabis within 1000 feet of a convenience business, in violation of section 893.13(l)(e), Florida Statutes (1999). A trial was held, and the jury returned a guilty verdict. The trial court subsequently reduced the conviction to possession of cannabis because the State failed to establish that the business where the offense took place was a “convenience business” as defined in section 812.171, Florida Statutes (1999).
On appeal, the State argues, as it did below, that the conviction should be reduced to sale or delivery of cannabis because that offense is a necessarily lesser-included offense of the crime charged. *1197 Higdon concedes error. We agree that the sale of cannabis is a necessarily lesser-included offense of sale within 1000 feet of a convenience business. See Harris v. State, 655 So.2d 1179, 1182 (Fla. 1st DCA 1995) (holding sale of cocaine is a necessarily lesser-included offense of sale within a certain distance of a housing facility). Accordingly, the trial court erred in reducing the conviction to simple possession. We therefore reverse the judgment and sentence. On remand the trial court is to enter judgment for the necessarily lesser-included offense of sale of cannabis and resentence Higdon accordingly. See § 924.34, Fla. Stat. (1999).
Reversed and remanded.
BLUE, C.J., and GREEN, J., concur.