ORFINGER, J.
 

 Charleston Larry appeals his conviction for delivery of a controlled substance within 1,000 feet of a convenience business and possession of cocaine. On appeal, he contends that the court erred in denying his motion for judgment of acquittal and that his counsel was ineffective, which is apparent from the face of the record. For the following reasons, we affirm in part and reverse in part.
 

 The lead investigator testified at trial that an alleged drug transaction involving Mr. Larry took place at a gas station that had “at least 10,000 feet of retail space with the gas and the convenience store.” That testimony is of particular relevance because the term “convenience business” excludes any business that has at least 10,000 square feet of retail floor space.
 
 See
 
 § 812.171(3), Fla. Stat. (2010). Thus, in its case in chief, the State proved that the business where the drug transaction occurred was not a convenience business as defined by statute. Though trial counsel moved for a judgment of acquittal, he failed to raise this obvious defense. Had it been raised, the trial court would have been obliged to reduce the charge to the necessarily lesser-included offense of deliv
 
 *1207
 
 ery of a controlled substance.
 
 See State v. Higdon,
 
 814 So.2d 1196, 1197 (Fla. 2d DCA 2002);
 
 Harris v. State,
 
 655 So.2d 1179, 1182 (Fla. 1st DCA 1995).
 

 Ineffective assistance of counsel is found when counsel’s performance falls outside the range of reasonable professional assistance and when there is a reasonable probability that the results of the proceeding would have been different but for the inadequate performance.
 
 Strickland v. Washington,
 
 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As a general rule, claims of ineffective assistance of counsel may not be raised on direct appeal.
 
 See, e.g., Bruno v. State,
 
 807 So.2d 55, 63 (Fla.2001);
 
 Stewart v. State,
 
 420 So.2d 862, 864 n. 4 (Fla.1982);
 
 Corzo v. State,
 
 806 So.2d 642, 645 (Fla. 2d DCA 2002). However, “appellate courts make an exception to this rule when the ineffectiveness is obvious on the face of the appellate record, the prejudice caused by the conduct is indisputable, and a tactical explanation for the conduct is inconceivable.”
 
 Corzo,
 
 806 So.2d at 645. To obtain relief on the basis of ineffective assistance of counsel on direct appeal, the facts upon which the claim is based must be clearly evident in the record.
 
 Stewart,
 
 420 So.2d at 864;
 
 Henley v. State,
 
 719 So.2d 990, 990 (Fla. 4th DCA 1998) (explaining that “[i]n-stances where the appellate court will address an ineffectiveness claim on the face of an appellate record are rare indeed”). Moreover, the ineffectiveness must be so clear that “it would be a waste of judicial resources to require the trial court to address the issue.”
 
 Blanco v. Wainwright,
 
 507 So.2d 1377, 1384 (Fla.1987);
 
 see Ross v. State,
 
 726 So.2d 317, 318 (Fla. 2d DCA 1998).
 

 The State’s unrebutted evidence proved that the business had at least 10,-000 feet of retail space, and thus, could not be considered a “convenience business” as defined by statute. However, Mr. Larry’s trial counsel did not raise this defense.
 
 [1]
 
 We can discern no plausible strategic reason why trial counsel did not pursue this defense in light of the State’s evidence.
 
 [2]
 
 This failure amounts to deficient performance that prejudiced Mr. Larry as he was convicted of a more serious charge.
 
 See In re Hubert,
 
 138 Wash.App. 924, 158 P.3d 1282, 1285 (2007) (holding that counsel’s failure to discover and advance defense constituted ineffective assistance of counsel);
 
 see also State v. Sellers,
 
 248 P.3d 70 (Utah App.Ct.2011) (reversing conviction as counsel’s failure to object to faulty affirmative defense instruction constituted ineffective assistance of counsel);
 
 State v. Powell,
 
 150 WashApp. 139, 206 P.3d 703 (2009) (holding that counsel’s failure to request instruction on potential defense constituted ineffective assistance of counsel was recognizable on direct appeal as there was no objectively reasonable tactical basis for failing to request instruction when (1) evidence supported instruction; (2) defense counsel, in effect, argued statutory defense; and (3) statutory defense was entirely consistent with defendant’s theory of case);
 
 see also Mizell v. State,
 
 716 So.2d 829 (Fla. 3d DCA 1998) (holding that defendant received ineffective assistance of counsel reviewable on direct appeal when counsel did not object to exces-siveness of sentence on one count).
 

 Trial counsel’s “ineffectiveness is apparent on the face of the record and it would be a waste of judicial resources to require the trial court to address the issue.”
 
 Blanco,
 
 507 So.2d at 1384. By ad
 
 *1208
 
 dressing the issue now, we can “avoid the legal churning, ... which would be required if we made the parties and the lower court do the long way what we ourselves should do the short.”
 
 Mizell,
 
 716 So.2d at 830. Mr. Larry’s conviction must be reduced to the necessarily lesser-included offense of delivery of a controlled substance and remanded for resentencing.
 
 See
 
 § 924.34, Fla. Stat. (2010);
 
 Higdon,
 
 814 So.2d at 1197;
 
 Harris,
 
 655 So.2d at 1182. In all other respects, the convictions are affirmed.
 

 AFFIRMED in part; REVERSED in part; and REMANDED.
 

 PALMER and COHEN, JJ., concur.
 

 [1]
 

 . Appellate counsel was not trial counsel.
 

 [2]
 

 . Such a defense was not inconsistent with Mr. Larry's primary defense that no drug transaction occurred.