MORRIS, Judge.
The State of Florida appeals from the circuit court’s order granting the defendant Jeffrey Scott Davis’s motion for judgment of acquittal notwithstanding the verdict. We conclude that the circuit court erred by granting the motion, and we reverse.
I. Background
Davis was charged with boating under the influence (BUI)[1] for events which occurred in October 2008. During a bifurcated jury trial, Punta Gorda Police Officer *29 Brandon Jacobsen testified that he observed Davis operating a boat about twenty-five yards out in the harbor in front of Harpoon Harry’s, a local restaurant and bar. The motor was running, and Jacob-sen observed Davis shifting the gears from forward to reverse. Both of Davis’s witnesses, as well as Davis himself, testified that Davis and his wife took the boat from Davis’s residence to the residence of friends where one of the friends boarded the boat. The Davises and their friend then took the boat to Harpoon Harry’s.
During the trial, the boat was consistently referred to as a boat and it was described as being twenty-five to twenty-six feet in length and having a four stroke engine. At no time did any of the witnesses express confusion about what object was being referred to when discussing the boat.
At the conclusion of the evidence, the circuit court provided the following jury instruction:
To prove the crime of Boating under the Influence, the State must prove the following two elements beyond a reasonable doubt:
1. Jeffrey Scott Davis operated a vessel.
2. While operating the vessel, Jeffrey Scott Davis
a. was under the influence of alcoholic beverages to the extent that his normal faculties were impaired or
b. had a breath-alcohol level of .08 or more grams of alcohol per 210 liters of breath.
The jury was then given the definition of vessel which provides that a vessel is “a boat that is subject to a license tax for operation and includes every description of watercraft, barge, and airboat, other than a seaplane, on the water used or capable of being used as a means of transportation on the water.”[2]
Davis was convicted, and at the second portion of the trial before the circuit court, he was found to have a prior conviction for driving under the influence (DUI), as well as a prior conviction for BUI.[3] As a result, the circuit court found him guilty of BUI (third violation within ten years). At that point, defense counsel moved for judgment of acquittal and judgment notwithstanding the verdict. Part of the defense’s argument was that the State failed to prove that the boat involved was a vessel as defined in section 327.85, Florida Statutes (2008), because there was no evidence that the boat was subject to a license tax for operation. The State conceded it did not present evidence on that issue, but it argued that based upon the evidence, the jury could reasonably conclude that the boat was, in fact, a vessel. The circuit court granted the motion finding that the State failed to prove all of the elements of the crime beyond a reasonable doubt.
II. The State’s appeal is not moot, and this court has jurisdiction.
Davis contends that the State’s appeal is moot because it did not file a notice *30 of appeal addressing Davis’s motion for judgment notwithstanding the verdict. We reject this argument because the two motions were essentially aimed at reaching the same result, see State v. Nicholson, 819 So.2d 908, 909 (Fla. 4th DCA 2002), and both dealt with the same issue: whether the State proved all the elements of the crime beyond a reasonable doubt.
We also reject Davis’s argument that an order on a motion for judgment notwithstanding the verdict is not appeal-able because it is not listed as an appeal-able order in Florida Rule of Appellate Procedure 9.140(c). A motion for judgment of acquittal which is presented after the verdict has the same effect as a motion for judgment notwithstanding the verdict, and clearly this court has jurisdiction to review orders on motions for judgments of acquittal after a jury verdict. See Fla. R.App. P. 9.140(c)(1)(E); see also State v. Higdon, 814 So.2d 1196, 1196 (Fla. 2d DCA 2002) (involving appeal from an order granting a motion for judgment notwithstanding the verdict).
III. The State was not required to prove that the boat was subject to a license tax in order to prove the crime of BUI.
The relevant portions of section 327.35(l)(a) and (c) provide that a person commits the crime of BUI when they are operating a vessel within this state and:
(a) The person is under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893, when affected to the extent that that the person’s normal faculties are impaired; [or]
(c) The person has a breath-alcohol level of 0.08 or more grams of alcohol per 210 liters of breath.
Vessel is defined in section 327.02(39) as being “synonymous with boat as referenced in s. 1(b), Art. VII of the State Constitution and includes every description of watercraft, barge, and airboat, other than a seaplane on the water, used or capable of being used as a means of transportation on water.”
Thus the statute does not define vessel as a boat which is subject to a license tax. In contrast, the jury instruction defines vessel as a boat that is subject to a license tax for operation. See Fla. Std. Jury Instr. (Crim.) 28.14. The reference in the jury instruction appears to come from section (l)(b) of article VII of the Florida Constitution which provides in relevant part that “boats ..., as defined by law, shall be subject to a license tax for their operation in the amounts and for the purposes prescribed by law, but shall not be subject to ad valorem taxes.”
If section 327.02(39) defined vessel only as including “every description of watercraft ... used or capable of being used as a means of transportation on water,” the result below likely would have been different. There was no question that the State proved that the boat was used to take Davis, his wife, and their friend from the friend’s house to a local restaurant and bar. However, because section 327.02(39) refers to section (l)(b) of article VII, which contains the reference to a license tax, we believe the statute is ambiguous. Consequently, we are guided by the rules of statutory interpretation which require us to “consider the statute as a whole, including the evil to be corrected, the language, title, and history of its enactment, and the state of law already in existence on the statute.” State v. Anderson, 764 So.2d 848, 849 (Fla. 3d DCA 2000).
The first part of the title of section 327.35 is “Boating under the influence.” And section 327.35(10) provides that “[i]t is *31 the intent of the Legislature to encourage boaters to have a ‘designated driver’ who does not consume alcoholic beverages.”[4] Thus neither the title nor the statement of legislative intent (i.e., the statement addressing the evil to be corrected) refer to a boat’s being subject to a license tax. The language of section 327.35 is also silent on any such requirement. Although some prior versions of the definition set forth in section 327.02(39) defined vessel as being synonymous with boats which were registered as provided in other statutes and as defined in the constitution, that explicit reference to a boat’s registration was deleted in 1981.[5] However, the definition has consistently included the phrase “used or capable of being used for transportation on water.”[6] Consequently, it is the vessel’s use for transportation on water that is necessary to establishing that a person was operating a vessel within the meaning of section 327.35.[7] Indeed, the inclusion of that phrase is a crucial distinction from other types of crimes involving intoxicated persons. Cf. §§ 316.003(75), .193, Fla. Stat. (2008) (defining the crime of DUI which involves the operation of a vehicle, which is defined as “[ejvery device, in, upon, or by which any person or property is or may be transported or dram upon a highway, excepting devices used exclusively upon stationary rails or tracks”) (emphasis added).
While we do not ignore the reference in section (l)(b) of article VII of the Florida Constitution to a boat’s being subject to a license tax, we do not believe that the phrase as expressed in the constitution is an element of the crime of BUI. Article VII deals solely with finance and taxation matters, not with the definition of crimes. We note too that in 1999, the legislature added chapter 328 which addresses vessel registration requirements. In doing so, the legislature also modified the name of chapter 327 to “Florida Vessel Safety Law” and moved the provisions relating to registration requirements to chapter 328. See Ch. 99-289, §§ 1-37, at 3190-3211, Laws of Fla. The fact that the legislature separated the registration requirements from the provisions relating to boating safety issues suggests to us that the legislature did not intend for a boat’s registration status to dictate whether its operator could be charged with BUI. Further, we find the legislature’s choice of words to be instructive. Rather than defining vessel as a boat which is subject to a license tax, the legislature defined it as being “synony *32 mous with boat.” § 327.02(39). We note too that the legislature did not define vessel as being synonymous with boat as defined in the constitution, but merely as referenced. Id. A synonym is “a word having the same or nearly the same meaning as another in the same language.” Webster’s New World Dictionary & Thesaurus 623 (1996). Construing the manner in which the legislature defined vessel (i.e., by deleting any explicit reference to a boat’s registration and instead citing to the reference in the constitution) along with the fact that the legislature created an entirely separate chapter to address registration requirements, we interpret the constitutional reference in section 327.02(39) to provide merely an example of what constitutes a vessel. That is, we find that the legislature intended for vessel to be defined as having nearly the same meaning as boat as referenced in the constitution. Had the legislature intended for a vessel to be defined by its registration requirements, the legislature would not have deleted the explicit reference to registration requirements. Further, had the legislature intended for the crime of BUI to require proof that a vessel was registered, it would have stated so.
In asking us to affirm, Davis contends that the Standard Jury Instructions in Criminal Cases Committee and the Florida Supreme Court in drafting and adopting the BUI jury instruction went to great lengths to narrow the definition of vessel to include only those boats which are subject to a license tax for operation. Davis also argues that had the legislature, the Committee, and the Florida Supreme Court intended for a broader definition to be utilized, they would not have used the restrictive language in the jury instruction and the reference to section (l)(b) of article VII in section 327.02(39). But as we have already explained, the legislature did not choose to include the “subject to a license tax for operation” phrase in the statute defining the crime of BUI and the reference to section (l)(b) of article VII in section 327.02(39) — which is merely a general definition applicable to all of chapter 327 — is merely to provide an example of what constitutes a vessel.
Further, accepting Davis’s interpretation of the statute would lead to absurd results. For example, section 328.48(2), Florida Statutes (2008), lists certain excepted types of vessels which are not subject to a license tax for operation such as United States government vessels or lifeboats.[8] Davis’s interpretation of section 327.35 would mean that persons operating any of the excepted vessels in section 328.48(2) would be immune from prosecution for BUI. However, it is entirely possible that a federal government employee could become intoxicated and take a government vessel out into the water. Likewise, it is possible that an intoxicated cruise ship passenger could take a lifeboat out into the water. The dangers inherent in either of those possibilities are equivalent to the dangers present when an intoxicated person operates a registered vessel. We do not believe that the legislature intended for such persons to escape prosecution for BUI merely because they were operating one of the vessels excepted from registration requirements listed in section 328.48(2).[9] Accordingly we reject Davis’s *33 argument that the legislature intended for section 327.35 to apply only where the boat in question is subject to a license tax, and we construe that phrase in the jury instruction to be mere surplusage. We take this opportunity to suggest that the Standard Jury Instructions in Criminal Cases Committee revise the definition of vessel as used in the BUI jury instruction by omitting the reference to a boat being subject to a license tax for operation. Such a revision would be in accordance with section 327.35, and we believe it would more accurately reflect the legislative intent to discourage boating under the influence without regard to boating registration requirements.
Reversed and remanded for proceedings in accordance with this opinion.
VILLANTI and WALLACE, JJ., Concur.

. Pursuant to section 327.35(2)(b), Florida Statutes (2008), a conviction for a third violation of this section which occurs within ten years after a prior conviction for a violation of this section elevates the charge to a third-degree felony. Section 327.35(6)(i) provides that any conviction for a DUI is also considered a previous conviction for purposes of *29 establishing prior violations of section 327.35. Because Davis had previously been charged with DUI and BUI, his sentence upon conviction of the current charge would be dependent on prior convictions. However, Davis waived his right to a jury trial on the issue of prior convictions so that issue was left for the circuit court’s determination.

. These instructions are in accordance with Florida Standard Jury Instruction (Criminal) 28.14.

. Although the record before this court suggests the two prior convictions were for DUI, both parties proffered to this court that one of the prior convictions was for DUI and the other was for BUI.

. The statement of legislative intent was added in 1998. See ch. 98-308, § 10, at 2692, Laws of Fla.

. See ch. 81-100, § 1, at 182, Laws of Fla.

. See, e.g., ch. 65-361, § 1, at 1228, Laws of Fla.; ch. 72-16, § 1, at 140, Laws of Fla.; ch. 79-334, § 23, at 1750, Laws of Fla.; ch. 81-100, § 1, at 182, Laws of Fla.; ch. 99-289, §§ 1-37, at 3190-3211, Laws of Fla.; ch. 2000-362, § 2, at 4043, Laws of Fla.; see also Melanie King, A Legislative History of Florida Statutes Chapter 327 (University of Florida Levin College of Law Conservation Clinic ed., 2008) (analyzing amendments to chapter 327).

. Compare Stewart v. Dutra Constr. Co., 543 U.S. 481, 484, 125 S.Ct. 1118, 160 L.Ed.2d 932 (2005) (finding that under federal admiralty law, a dredge, which only had limited means of self-propulsion, constituted a vessel because it was used or capable of being used as a means of transportation on water, though that was not its primary purpose) with Lozman v. City of Riviera Beach, Fla., — U.S. -, 133 S.Ct. 735, 740-46, 184 L.Ed.2d 604 (2013) (discussing cases and determining that floating home did not qualify as a vessel because it was not primarily used as a means of transportation over water). Though this case does not involve federal admiralty law, Stewart and Lozman suggest that other courts would agree with our determination that a vessel is defined by its ability to be used for transportation on water.

. Vessels used exclusively on private lakes and ponds, non-motor-powered vessels less than sixteen feet in length, and any non-motor-powered canoes, kayaks, racing shells, or rowing sculls, regardless of length are also excepted from the registration requirements. § 328.48(2)(a) and (d).

. Thus, we believe that the BUI statute applies to all vessels which are used or capable of being used for transportation on the water even *33 if that vessel is of a type which some Floridians might consider less dangerous, such as a nonmotorized sailboat. Although many Floridians enjoy the privilege of boating, that privilege comes with the responsibility to refrain from operating the vessel while under the influence in the same way operating a vehicle does. Section 327.35 does not limit its scope to only those vessels subject to registration requirements, and we decline to adopt any interpretation which would circumscribe the legislative intent. Cf. State v. Howard, 510 So.2d 612 (Fla. 3d DCA 1987) (holding that DUI statute applies to persons operating bicycles under the influence since bicycles are not excepted from statute).