PER CURIAM.
Daniel Robida, pro se, in a belated appeal accepted by this court,[1] appeals his judgment and sentence arguing that his counsel was ineffective for not advising him that the State’s plea offer of a bottom-of-guidelines sentence should have been five and a half years, rather than eight years. We disagree and affirm.
Robida was charged with three counts of unlawful sexual activity with a minor. Robida made a recorded confession in which he admitted to sexual activity with the minor on three separate ocea- *581 sions. He rejected the State’s initial offer of eight years on one count of unlawful sexual activity with a minor, entered open guilty pleas to three counts of unlawful sexual activity with a minor, and was sentenced to a composite sentence of 214 months (17.83 years) in the Department of Corrections (“DOC”). Robida insists on appeal that he rejected the offer of eight years, not the bottom-end of the guidelines sentence offer.
Generally, ineffective assistance of counsel claims are not cognizable on direct appeal. Larry v. State, 61 So.3d 1205, 1207 (Fla. 5th DCA 2011). However, prior to his belated appeal, Robida filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 to address a seven-year plea deal allegedly offered by the State. Consequently, the trial court held an evidentiary hearing to consider Robida’s motion. See Robida v. State, 118 So.3d 814 (Fla. 5th DCA 2013) (affirming trial court’s denial of Robida’s 3.850 motion). The trial transcript clearly refutes the claim Robida now makes on direct appeal, and plainly establishes that the State’s only offer was 8 years DOC on one count of unlawful sexual activity with a minor regardless of the lowest possible guidelines sentence.
Accordingly, we find that Robida has failed to establish that his counsel was ineffective.
AFFIRM.
BERGER, LAMBERT and EDWARDS, JJ., concur.

. Robida v. State, 135 So.3d 1136 (Fla. 5th DCA 2014).