PER CURIAM.
Randall Gaskins was convicted of burglary of a dwelling with an assault or battery and grand theft of $ 100 or more from a dwelling or curtilage. On appeal, Gaskins challenges the judgment and sentence entered on the grand theft conviction. We affirm.
The sole issue on appeal is whether Gaskins' trial counsel was ineffective for failing to move for a judgment of acquittal on the basis that the State failed to present sufficient evidence establishing the stolen property's value. At trial, the victim testified only as to what he had paid for the stolen items.
Ineffective assistance of counsel claims may be raised on direct appeal "when ineffectiveness is obvious on the face of the appellate record, the prejudice caused by the conduct is indisputable, and a tactical explanation for the conduct is inconceivable." Larry v. State , 61 So.3d 1205, 1207 (Fla. 5th DCA 2011) (quoting Corzo v. State , 806 So.2d 642, 645 (Fla. 2d DCA 2002) ). Gaskins' claim does not meet the second element-indisputable prejudice. It is not clear from the face of the record that had trial counsel moved for a judgment of acquittal, the State would have been incapable of reopening its case to prove the value of the stolen property at the time of the offense. Thus, we decline to address Gaskins' ineffective assistance of counsel claim on direct appeal and affirm without prejudice for Gaskins to raise this claim in a timely motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. See Beazley v. State , 148 So.3d 552, 554-55 (Fla. 1st DCA 2014) (noting that appellant may raise issue of ineffective assistance of counsel in motion for postconviction relief even though appellate court was unwilling to decide issue on direct appeal).
AFFIRMED, without prejudice to Gaskins asserting his ineffective assistance of counsel claim in a timely filed motion for postconviction relief pursuant to rule 3.850.
COHEN, LAMBERT, and SASSO, JJ., concur.