THREADGILL, Judge.
The State challenges an order entered in favor of the appellee, Georgia S. Waters, on her motion for postconvietion relief, which was based on a claim of ineffective assistance of counsel. The trial court found that Waters’ trial counsel was ineffective because he failed to file a pretrial motion in limine to either completely exclude, or to at least limit, the admission of certain Williams[1] rule evidence. The State contends the trial court erred in granting Waters relief in this instance because, not only did trial counsel object to the Williams rule evidence in an effort to prevent it from being admitted at trial, but the issue of the admissibility of the Williams rule evidence was considered and affirmed on Waters’ direct appeal. We agree and reverse.
In 1994, Waters was convicted of one count of battery on an elderly person, three counts of forgery, three counts of uttering a forged instrument, one count of grand theft, and one count of petit theft. Waters appealed her convictions, contending the trial court erred in overruling her objections to the same Williams rule evidence at issue herein and in failing to grant her motion for a judgment of acquittal on all counts. In 1996, this court per curiam affirmed her judgments and sentences in all respects, including the Williams rule evidence issue. See Waters v. State, 670 So.2d 953 (Fla. 2d DCA 1996). Thereafter, Waters filed the instant motion for posteon-vietion relief pursuant to Florida Rule of Criminal Procedure 3.850, asserting that trial counsel was ineffective for, in essence, failing to do more to preclude the admission of the very damaging Williams rule evidence, which demonstrated that Waters had a distinct pattern of preying on elderly women for money.
Because the propriety of the same Williams rule evidence was previously considered on Waters’ direct appeal and the issue was decided adversely to her, Waters is procedurally barred from seeking postconviction relief on the basis of the same issue. See Kelley v. State, 569 So.2d 754 (Fla.1990); Hitchcock v. State, 432 So.2d 42 (Fla.1983). We therefore reverse the trial court’s order granting Waters’ motion for postconvietion relief.
Reversed.
PARKER, C.J., and PATTERSON, J., concur.

. Williams v. State, 110 So.2d 654 (Fla.1959), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).