806 So.2d 642 (2002)
Gilberto CORZO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-5017.
District Court of Appeal of Florida, Second District.
February 13, 2002.
*643 ALTENBERND, Judge.
Gilberto Corzo appeals the trial court's order summarily denying his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We reverse because the trial court incorrectly concluded that Mr. Corzo's appellate counsel waived his right to file such a motion when he raised ineffective assistance of counsel as an issue on direct appeal.
Mr. Corzo was convicted of attempted second-degree murder and possession of cocaine for events that occurred on November 23, 1998. The trial court sentenced Mr. Corzo to concurrent terms of fifteen years' and five years' imprisonment. Mr. Corzo appealed his judgments and sentences, and this court affirmed without written opinion. Corzo v. State, 771 So.2d 531 (Fla. 2d DCA 2000) (Table).
On direct appeal, Mr. Corzo's counsel raised seven issues. One of those issues was whether Mr. Corzo's trial counsel was ineffective. Appellate counsel argued that Mr. Corzo's trial lawyer engaged in childish behavior, courtroom antics, and conduct designed to antagonize the trial judge. Appellate counsel argued that this conduct, which occurred in the presence of the jury, was so improper and prejudicial that it required a new trial due to trial counsel's ineffective assistance.
The State's response in the direct appeal admitted that the record revealed "the public defender and the trial judge were not the best of friends." However, the State argued that the claim was unpreserved and premature. The State maintained that the issue could only be examined by means of a postconviction motion. Because this court did not issue a written opinion of affirmance, the law of this case does not establish whether this court rejected the claim that counsel was ineffective or whether we agreed with the State that the claim was premature.
After mandate issued in the direct appeal, Mr. Corzo filed this postconviction motion alleging ineffective assistance of counsel. Borrowing freely from the brief on direct appeal, Mr. Corzo alleges in detail a long list of statements and actions by his counsel that do seem quite unprofessional. He claims that his counsel's conduct prejudiced him and affected the *644 outcome of his trial. The trial court summarily denied the motion, concluding that it was procedurally barred because the issue had been raised on direct appeal.
We can understand the trial court's confusion concerning whether Mr. Corzo's claim for ineffective assistance of counsel was procedurally barred. There are many precedents holding that a motion pursuant to rule 3.850 may not raise issues that were or could have been raised on direct appeal. See, e.g., Robinson v. State, 707 So.2d 688, 698 (Fla.1998); Medina v. State, 573 So.2d 293, 295 (Fla.1990); State v. Waters, 718 So.2d 225, 226 (Fla. 2d DCA 1998). These cases have sometimes further explained that an issue rejected on direct appeal may not simply be realleged as a claim of ineffective assistance of counsel. See, e.g., Freeman v. State, 761 So.2d 1055, 1067 (Fla.2000); Medina, 573 So.2d at 295; Childers v. State, 782 So.2d 946, 947 (Fla. 4th DCA 2001). There are a few cases in which appellate courts have reversed a conviction or sentence on direct appeal based upon ineffective assistance of counsel. See, e.g., Stewart v. State, 420 So.2d 862 (Fla.1982); Ross v. State, 726 So.2d 317 (Fla. 2d DCA 1998); Rios v. State, 730 So.2d 831 (Fla. 3d DCA 1999); Gordon v. State, 469 So.2d 795 (Fla. 4th DCA 1985). Logic might therefore suggest that when such an issue is raised on direct appeal, a subsequent postconviction motion raising the same issue is barred.
The policies behind the above-cited cases are designed to assure that direct appeal issues are considered only once, and matters that require inquiry beyond the face of the record are reviewed in a forum that is equipped to conduct the additional evidentiary inquiry. For example, a defendant may raise on direct appeal the issue of whether the trial court erred when it denied a motion for new trial. Because that issue may be raised on direct appeal, it may not be raised later in a motion under rule 3.850. Likewise, the defendant may not raise the same issue again merely by recasting it as a claim for ineffective assistance of counsel. Thus, in this hypothetical, the defendant could not argue in a postconviction motion that his lawyer was ineffective because the trial court denied the motion for new trial. In that situation, the postconviction allegation is simply adding the words "ineffective assistance of counsel" without adding any new facts or legal arguments.
On the other hand, the fact that a defendant unsuccessfully raised the denial of his motion for new trial on direct appeal would not bar a claim that his counsel was ineffective because counsel filed an untimely motion for new trial or because counsel omitted a critical ground when drafting and arguing that motion. In such a situation, unlike the previous hypothetical, the postconviction motion is not merely repeating the issue raised on direct appeal. Instead, it is raising a separate issue that is somewhat interrelated with the issue raised on direct appeal.[1] In such a case, *645 the defendant often needs to allege and explain that his appellate counsel was unsuccessful on an issue during the direct appeal because his trial counsel was ineffective during the presentation of that issue in the trial court.
Briefs that successfully raise ineffective assistance of counsel on direct appeal are very uncommon. The general rule is that a claim of ineffective assistance of counsel may not be raised on direct appeal. See, e.g., Bruno v. State, 807 So.2d 55 (Fla.2001); Jassan v. State, 749 So.2d 511, 512 (Fla. 2d DCA 1999); Caison v. State, 695 So.2d 872, 872 (Fla. 3d DCA 1997). On rare occasions, the appellate courts make an exception to this rule when the ineffectiveness is obvious on the face of the appellate record, the prejudice caused by the conduct is indisputable, and a tactical explanation for the conduct is inconceivable. See, e.g., Stewart v. State, 420 So.2d 862 (Fla.1982); Ross, 726 So.2d at 318. For example, failure to move for a judgment of acquittal when the State has not proved an essential element of its case, when it is clear that the State could not reopen its case to prove that essential element, amounts to ineffective assistance of counsel that may sometimes be adequately assessed from the record on direct appeal.[2]
Because of the strict rules limiting claims for ineffective assistance of counsel on direct appeal, the appellate courts typically reject the issue as both premature and requiring evidence beyond the appellate record. Accordingly, unless a direct appeal is affirmed with a written opinion that expressly addresses the issue of ineffective assistance of counsel, an affirmance on direct appeal should rarely, if ever, be treated as a procedural bar to a claim for ineffective assistance of counsel on a post-conviction motion. See Bruno, 807 So.2d at 64-65; Kampff v. State, 443 So.2d 401, 402 (Fla. 4th DCA 1984).
We conclude that the trial court improperly denied Mr. Corzo's postconviction motion on the ground that the ineffective assistance of counsel issue was raised on direct appeal. Mr. Corzo's postconviction motion is facially sufficient. On remand, the trial court should conduct an evidentiary hearing before it resolves the claim of ineffective assistance of counsel.
Reversed and remanded.
PARKER and SALCINES, JJ., Concur.
NOTES
[1] The Florida Supreme Court recently explained in Bruno v. State, 807 So.2d 55 (Fla. 2001):

Whereas the main question on direct appeal is whether the trial court erred, the main question in a Strickland claim is whether trial counsel was ineffective. Both claims may arise from the same underlying facts, but the claims themselves are distinct and-of necessity-have different remedies: A claim of trial court error generally can be raised on direct appeal but not in a rule 3.850 motion, and a claim of ineffectiveness generally can be raised in a rule 3.850 motion but not on direct appeal. A defendant thus has little choice: As a rule, he or she can only raise an ineffectiveness claim via a rule 3.850 motion, even if the same underlying facts also supported, or could have supported, a claim of error on direct appeal. Thus, the trial court erred in concluding that Bruno's claim was procedurally barred.
Id. at 63 (footnotes omitted).
[2] There is probably a high correlation between errors that may be corrected as fundamental error on direct appeal in the absence of preservation by trial counsel, see, e.g., Brown v. State, 787 So.2d 229 (Fla. 2d DCA 2001) (holding numerous improper comments by prosecutor during closing argument, although unpreserved, required reversal on direct appeal as fundamental error), and errors that may be corrected as ineffective assistance of counsel on direct appeal. See, e.g., Eure v. State, 764 So.2d 798 (Fla. 2d DCA 2000) (holding defense counsel's failure to object to numerous improper statements by prosecutor during closing argument amounted to ineffective assistance of counsel and required reversal on direct appeal).