PER CURIAM.
 

 In this workers’ compensation case, Claimant appeals an order of the Judge of Compensation Claims (JCC) denying her request for an attorney’s fee for obtaining the benefit of a psychiatric evaluation, and basing the fee award on only half the undisputed attorney time (14.6 of the 29.2 undisputed hours) on the reasoning that the total time was divided equally between work on the psychiatric evaluation and work on another benefit. Because Claimant meets the requirements of section 440.34(3), Florida Statutes (2007), we reverse the order, and remand.
 

 A claimant is entitled to recover a reasonable attorney’s fee if she requests a benefit via a petition for benefits (PFB), the Employer/Carrier (E/C) files a response thereto, and the claimant has employed an attorney in the successful prosecution of the PFB; the fee does not attach until thirty days after the E/C receives the PFB.
 
 See
 
 § 440.34(3), Fla. Stat. (2007). Here, Claimant filed a PFB in July 2009 seeking a psychiatric evaluation. The E/C declined to provide that benefit, on the grounds that there was no medical necessity for a psychiatrist and no referral for such by an authorized treating provider.
 

 In the order on the merits, the JCC awarded a psychiatric evaluation, but reserved jurisdiction on entitlement to attorney’s fees for the psychiatric evaluation. The JCC found that Claimant testified at the December 2009 merits hearing she refused to go to a psychiatrist when two doctors “first recommended it” but changed her mind when told it would improve her pain to do so, and the JCC concluded that, “[u]ntil [Claimant changed her mind, there was no reason for [the] E/C to schedule an evaluation with a psychiatrist.” After a fee hearing, the JCC denied a fee for the psychiatric evaluation, reasoning Claimant provided no evidence that her change of mind had been conveyed to the E/C before the merits hearing.
 

 The denial of the fee was error because it was based on the assertion that Claimant would have refused to go to the evaluation. The E/C had declined to provide the benefit for other reasons, however, which did not implicate Claimant’s state of mind. Claimant had to employ an attorney to obtain the benefit, and was awarded the benefit more than thirty days after the E/C received the PFB. Consequently, she is entitled to attorney’s fees under section 440.34(3), Florida Statutes, for the full 29.2 hours submitted, at the hourly fee found reasonable by the JCC and undisputed by the E/C.
 

 
 *649
 
 REVERSED and REMANDED for entry of an order consistent with this opinion.
 

 HAWKES, C.J., ROBERTS and ROWE, JJ., concur.