PER CURIAM.
Daimon Terrell Dailey appeals his convictions for robbery with a firearm or other deadly weapon and unlawful possession of a firearm by a minor. He argues his defense counsel was ineffective for failing to object to testimony by law enforcement officers improperly bolstering a prosecution witness and commenting on his truthfulness. As a rule, claims of ineffective assistance of counsel are not cognizable on direct appeal and can only be raised in a postconviction motion under Florida Rule of Criminal Procedure 3.850. See Smith v. State, 998 So.2d 516, 522 (Fla.2008); Wuornos v. State, 676 So.2d 972, 974 (Fla. 1996); Loren v. State, 601 So.2d 271, 272 (Fla. 1st DCA 1992). Rarely, an appellate court will consider such a claim on direct appeal if “the ineffectiveness is obvious on the face of the appellate record, the prejudice caused by the conduct is indisputable, and a tactical explanation for the conduct is inconceivable.” Corzo v. State, 806 So.2d 642, 645 (Fla. 2d DCA 2002). We are satisfied upon review of the record before us that this is not the rare case justifying resolution of an ineffective assistance claim on direct appeal. Rather, Appellant should seek relief under Rule 3.850.
AFFIRMED.
HAWKES, C.J., PADOVANO, and MARSTILLER, JJ., concur.