WHATLEY, Judge.
 

 Gabriel Kirkland appeals the postconviction court’s order denying his timely motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for the postconviction court to strike the prison releasee reoffender designation from his sentences for battery on a law enforcement officer.
 

 On April 13, 2009, Kirkland pleaded guilty to driving with a suspended license (count one), fleeing or attempting to elude (count two), four counts of battery on a law enforcement officer (BOLEO) (counts three through six), and resisting arrest with violence (count seven). Kirkland was sentenced to concurrent terms of five years’ imprisonment on counts one, two, and seven and as a prison releasee reoffen-der (PRR) to concurrent terms of five years’ imprisonment on counts three through six. However, the sentences on counts three through six were consecutive to those on counts one, two, and seven.
 

 In his motion, Kirkland alleged that his sentences in counts three through six are illegal because he should not be subjected to PRR sentencing. In support of this allegation, Kirkland claimed that a court cannot impose a PRR sentencing enhancement for offenses not listed in section 775.082(9)(a)(l), Florida Statutes (2008). Kirkland further alleged that BOLEO is not enumerated in the PRR statute and does not constitute a forcible felony.
 
 See State v. Hearns,
 
 961 So.2d 211, 219 (Fla. 2007);
 
 Allen v. State,
 
 984 So.2d 656, 657
 
 *255
 
 (Fla. 1st DCA 2008). As such, Kirkland claimed that his PRR treatment in counts three through six amounted to an illegal sentence and that a defendant cannot assent to an illegal sentence.
 
 See Gregory v. State,
 
 997 So.2d 1287, 1288 (Fla. 3d DCA 2009). Accordingly, Kirkland requested that the court issue an order striking the PRR enhancements from counts three through six.
 

 The postconviction court treated Kirkland’s motion as a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 8.800(a). The court recognized that BOLEO is not an enumerated offense under section 775.082(9)(a)(l) but found that Kirkland could still qualify as a PRR under the “catchall” provision if the qualifying offense(s) involved the use or threat of physical force or violence against an individual.
 
 See
 
 § 775.082(9)(a)(l)(o). The court attached the probable cause affidavit from Kirkland’s arrest, which indicates that Kirkland ran his vehicle into two police cars carrying four different officers. Based on this information, the court found that the evidence of the use or threat of physical force or violence against the officers was sufficient to qualify Kirkland as a PRR under section 775.082(9)(a)(l)(o) and denied Kirkland’s motion.
 

 In response to an order from this court, the State conceded that the PRR enhancement was illegal and conceded that reversal and remand with directions to strike the PRR designation are required. Specifically, the State agreed with Kirkland’s argument based on
 
 Hearns,
 
 in which the Florida Supreme Court held that BOLEO is not a “forcible felony” for the purposes of violent career criminal sentencing because “ ‘the use or threat of physical force or violence against any individual’ is not a necessary element of the crime.” 961 So.2d at 216 (quoting
 
 Perkins v. State,
 
 576 So.2d 1310, 1313 (Fla.1991)). The supreme court further held that “whether BOLEO is a qualifying offense must be answered consistently under both the VCC [violent career criminal] statute and the PRR statute.”
 
 Id.
 
 at 217. In
 
 Walker v. State,
 
 965 So.2d 1281, 1283-84 (Fla. 2d DCA 2007), this court applied the reasoning set forth in
 
 Hearns
 
 and held that PRR sentencing is inapplicable to the crime of BOLEO. As BOLEO is not enumerated under section 775.082(9)(a)(l) and, pursuant to
 
 Hearns
 
 and
 
 Walker,
 
 does not fall within the “catchall” provision of section 775.082(9)(a)(l)(o), Kirkland’s classification as a PRR on counts three through six amounts to an illegal sentence.
 

 Therefore, we reverse the postconviction court’s denial of Kirkland’s motion and remand for the court to strike the PRR designation from Kirkland’s sentences in counts three through six.
 

 Reversed and remanded.
 

 CASANUEVA and MORRIS, JJ., Concur.