PER CURIAM.
Ronald Fox appeals his conviction for simple battery elevated to a felony based on proof of a prior battery conviction, in violation of section 784.03(2), Florida Statutes (2010). He presents four claims of error on appeal: 1) the trial court abused its discretion by not granting trial counsel’s motion to continue trial; 2) the trial court’s initial denial and subsequent granting of his peremptory strike took away from trial counsel’s ability to prepare for trial and thereby deprived him of a fair trial; 3) the trial court erred by sentencing him pursuant to section 775.082(10), Florida Statutes (2010); and 4) trial counsel was ineffective in drafting the motion to continue and for failing to argue that the sentence imposed was erroneous. We affirm as to the first three issues without discussion, and affirm on the last issue for the following reason.
As a general rule, claims asserting ineffective assistance of defense coun *372 sel are not cognizable on direct appeal “because the trial court never had the opportunity to consider the issue below, and the issue often involves collateral questions of fact that cannot be determined by the trial record,” alone. Loren v. State, 601 So.2d 271, 272 (Fla. 1st DCA 1992). The “rare” exception to this general rule exists where “(1) the ineffectiveness is apparent on the face of the record, and (2)it would be ‘a waste of judicial resources to require the trial court to address the issue.’ ” Ellerbee v. State, 87 So.3d 730, 739 (Fla.2012) (quoting Blanco v. Wainwriglit, 507 So.2d 1377, 1384 (Fla.1987)). In other words, an appellate court will consider such a claim only if it is obvious from the record that counsel was ineffective, “the prejudice caused by the conduct is indisputable, and a tactical explanation for the conduct is inconceivable.” Dailey v. State, 46 So.3d 647, 647 (Fla. 1st DCA 2010) (quoting Corzo v. State, 806 So.2d 642, 645 (Fla. 2d DCA 2002)).
The record in this case does not justify resolving Appellant’s ineffective assistance claim on direct appeal. Appellant may seek relief via postconviction motion filed under Florida Rule of Criminal Procedure 3.850.
AFFIRMED.
DAVIS, CLARK, and MARSTILLER, JJ., concur.