CASANUEVA, Judge.
Marlon Blandin appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Although Mr. Blan-din raised four grounds for relief, we find no merit in three of those grounds, which we affirm without discussion. We reverse the summary denial of the remaining ground and remand to the postconviction court for reconsideration of the claims within it.
On January 17, 2008, a jury found Marlon Blandin guilty of second-degree murder. On January 28, 2008, Mr. Blandin filed a motion for new trial, followed by an amended motion for new trial on February 4, 2008. The amended motion contained several grounds, including claims of ineffective assistance of counsel. The State argued that the ineffective assistance of counsel claims were premature, and the sentencing court denied the motion without comment or explanation. Thereafter, Mr. Blandin was sentenced to seventeen years in prison. Mr. Blandin’s appellate attorney did not challenge the sentencing court’s denial of the ineffective assistance of counsel claims on direct appeal. This court affirmed Mr. Blandin’s conviction and sentence without a written opinion. Blandin v. State, 27 So.3d 31 (Fla. 2d DCA 2010) (table).
Mr. Blandin filed a timely motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, raising in Ground I the ineffective assistance of counsel claims that were previously raised in his amended motion for new trial. In summarily denying these claims, the postconviction court erroneously found them to be barred by the doctrines of res judicata and collateral estoppel.
In Corzo v. State, 806 So.2d 642, 645 (Fla. 2d DCA 2002), this court held that when an ineffective assistance of counsel claim is raised on direct appeal and the appellant’s conviction and sentence are affirmed without a written opinion, the law of the case does not establish that this court rejected the claim on the merits. This court reversed the order summarily denying Corzo’s rule 3.850 motion, explaining:
Because of the strict rules limiting claims for ineffective assistance of counsel on direct appeal, the appellate courts typically reject the issue as both premature and requiring evidence beyond the appellate record. Accordingly, unless a direct appeal is affirmed with a written opinion that expressly addresses the issue of ineffective assistance of counsel, an affirmance on direct appeal should rarely, if ever, be treated as a procedural bar to a claim for ineffective assistance of counsel on a postconviction motion.
Id. at 645; see also Acosta v. State, 884 So.2d 278, 279 (Fla. 2d DCA 2004) (holding that the defendant’s ineffective assistance of counsel claims, which were raised in a motion for a new trial and challenged on direct appeal, were not barred in postcon-viction by the doctrine of res judicata because the defendant’s conviction and sentence were affirmed without a written opinion expressly addressing the claims of *237 ineffective assistance of counsel); Kam/pjf v. State, 443 So.2d 401, 402 (Fla. 4th DCA 1984) (holding that the postconviction court erred in finding the ineffective assistance of counsel claim proeedurally barred because the court’s opinion did “not comment specifically on the ineffective counsel argument, and the overall holding that the evidence was sufficient to support the jury’s verdict [could not] be viewed as an adjudication on the merits” of the ineffective assistance claim).
Mr. Blandin’s case cannot be distinguished on the fact that his appellate attorney did not raise the ineffective assistance of counsel claims on direct appeal. Presumably, Mr. Blandin’s appellate attorney relied on Florida law which, with few exceptions, requires claims of ineffective assistance of counsel to be litigated in postconviction proceedings. See Bruno v. State, 807 So.2d 55, 63 (Fla.2001) (“A defendant thus has little choice: As a rule, he or she can only raise an ineffectiveness claim via a rule 3.850 motion.”); Williams v. State, 438 So.2d 781, 786 (Fla.1983) (holding Williams “improperly attempted to raise the question of ineffective assistance of counsel in an amended motion for a new trial. In so doing, Williams failed to provide the trial court with sworn allegations necessary to prevent unfounded complaints in motions for post-conviction relief’). We cannot conclude that Mr. Blandin’s ineffective assistance of counsel claims were denied on the merits, so the doctrines of res judicata and collateral es-toppel cannot bar consideration of those claims in postconviction proceedings.
Accordingly, we affirm the postconviction court’s order summarily denying relief on Grounds II, III, and IV and reverse the order as to Ground 1[1] and remand for the postconviction court to hold an evidentiary hearing or attach portions of the record that conclusively show that Mr. Blandin is not entitled to relief.
Affirmed in part, reversed in part, and remanded.
KELLY and SLEET, JJ„ Concur.

. The postconviction court need not reconsider its finding on Mr. Blandin’s claim in Ground I that his trial attorney was ineffective for not objecting to the hearsay statement made by the victim’s brother regarding the victim’s plans to meet Mr. Blandin. As the postconviction court noted, the record shows that defense counsel did object to the hearsay, and the hearsay issue was both raised and rejected in Mr. Blandin’s direct appeal.