PER CURIAM.
Appellant, Clifford Levon Elmore, challenges his status as a prison releasee re-offender (PRR) for his conviction of battery on a law enforcement officer. Because Appellant failed to properly preserve this issue, we affirm without prejudice for Appellant to file a proper motion for post-conviction relief or a petition alleging ineffective assistance of appellate counsel.
Appellant was convicted of battery on a law enforcement officer and resisting an officer with violence. Without objection, the trial court sentenced Appellant as a PRR on the charge of battery on a law enforcement officer. It is undisputed that battery on a law enforcement officer is neither a qualifying nor an enumerated offense under the PRR statute. State v. Hearns, 961 So.2d 211, 212 (Fla.2007); Walker v. State, 965 So.2d 1281, 1283 (Fla. 2d DCA 2007). Moreover, the erroneous imposition of PRR status renders a sentence illegal. Kirkland v. State, 71 So.3d 254, 255 (Fla. 2d DCA 2011).
In order to raise a claim of sentencing error on direct appeal, a defendant must either contemporaneously object to the sentencing error or file a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Jackson v. State, 983 So.2d 562, 569 (Fla.2008). Appellant failed to follow either of these procedures; thus, this Court cannot address his claim of an illegal sentence on direct appeal. Austin v. State, 158 So.3d 648, 651-52 (Fla. 1st DCA 2014) (declining to review an unpre-served. claim of illegal sentence on direct appeal), review granted 2015 WL 795801 (Fla. Feb. 13, 2015); Sanders-Bashui v. State, 124 So.3d 1041, 1042 (Fla. 3d DCA 2013) (declining to review on direct appeal a claim of illegal sentence where the issue was neither preserved by a contemporaneous objection nor a rule 3.800(b)(2) motion); Daniels v. State, 118 So.3d 996, 997 (Fla. 1st DCA 2013) (declining to review an unpreserved sentencing error on direct appeal).
Appellant urges this Court to reach this issue- by finding that defense counsel *467 was ineffective for failing to object to the imposition of a PRR sentence on the charge of battery on a law enforcement officer. As a general rule, claims asserting ineffective assistance of counsel are not cognizable on direct appeal. Fox v. State, 104 So.3d 371, 372 (Fla. 1st DCA 2012). A limited exception has been carved out for those cases where “it is obvious from the record that counsel was ineffective, ‘the prejudice caused by the conduct is indisputable, and a tactical explanation for the conduct is inconceivable.’ ” Id. (quoting Dailey v. State, 46 So.3d 647, 647 (Fla. 1st DCA.2010)). Arguably, this case could fall under the exception to general rule because, in the post-conviction context, it is well-established that the failure to object to an illegal sentence constitutes ineffective assistance of counsel. See, e.g., Hernandez v. State, 30 So.3d 610, 613 (Fla. 3d DCA 2010); Rudolph v. State, 968 So.2d 633, 633 (Fla. 2d DCA 2007); Penn v. State, 941 So.2d 466, 466 (Fla. 1st DCA 2006). However, recognizing ineffective assistance of counsel on the face of the record in these circumstances would eviscerate the holding in Jackson, which requires preservation even of fundamental errors.
Contrary to the dissent’s argument, we are not holding that ineffective assistance of counsel claims must be preserved. Instead, we are recognizing that appellate courts always have been cautious about addressing claims of ineffective assistance of counsel on direct appeal. Bracey v. State, 109 So.3d 311, 315 (Fla. 2d DCA 2013) (acknowledging that claims of ineffective assistance of counsel are rarely addressed on direct appeal); Henley v. State, 719 So.2d 990, 990 (Fla. 4th DCA 1998) (explaining that “[ijnstances where the appellate court will address an ineffectiveness claim on the face of an appellate record are rare indeed.”). Here, Appellant is attempting to circumvent Jackson ⅛ holding that even fundamental sentencing errors must be preserved before an appellate court may consider them on direct appeal. 983 So.2d at 570. Because Appellant’s unpreserved claim of an illegal sentence would not be correctable as fundamental error on direct appeal, it follows that it does not fall into the limited category of errors that are correctable as ineffective assistance of counsel on direct appeal. See Corzo v. State, 806 So.2d 642, 645 n. 2 (Fla. 2d DCA 2002) (noting that there is probably a high correlation between errors that may be corrected as fundamental errors on direct appeal in the absence of preservation and errors that may be corrected as ineffective assistance of counsel on direct appeal).
We, therefore, AFFIRM Appellant’s convictions and sentences without prejudice for Appellant to file a proper motion for post-conviction relief or a petition alleging ineffective assistance of appellate counsel.
ROBERTS and ROWE, JJ., concur.
CLARK, J. dissents with opinion.