ON MOTION FOR REHEARING, CLARIFICATION AND WRITTEN OPINION

MARSTILLER, J.
Joseph Edward Facin was convicted of, and sentenced for, attempted second-degree murder, possession of a firearm by a convicted felon, and shooting or throwing deadly missiles. Finding no merit to the four issues he raised on appeal, we affirmed the convictions and sentences per curiam, without written opinion. See Facin v. State, No. 1D13-5280, op. at 860, 2015 WL 1306871 (Fla. 1st DCA Mar. 24, 2015). Facin timely moved for rehearing, clarification and written opinion[1] directed *861 solely to whether the trial court fundamentally erred when it instructed the jury that attempted voluntary manslaughter, a lesser-included offense-of attempted first-degree' murder, which he was charged with, is accomplished by an act intended to cause the death of the victim. We deny Facin’s request for rehearing, but grant the request for a written opinion. Accordingly, we withdraw our previously-issued per curiam affirmance and substitute the following opinion.
Joseph Edward Facin appeals his convictions and sentences for attempted second-degree murder, possession of a firearm by a convicted felon, and shooting or throwing deadly missiles, arguing that: (1) fundamental error occurred when the trial court instructed the jury that attempted voluntary manslaughter, a lesser-included offense to attempted first-degree murder, requires commission of an act intended to cause the death of the victim; (2) the trial court erred in denying Facin’s amended motion for new trial based on ineffective assistance of counsel; (3) in addition to the grounds asserted in the amended motion for new trial, defense counsel was also ineffective for failing to recognize and object to the flawed jury instruction on attempted voluntary manslaughter; and (4) the trial court erred by failing to allow conflict counsel a continuance to secure certain witness testimony before ruling on the amended motion for new trial.
We affirm, without discussion, the second and fourth issues Facin has raised. As to the first issue, we agree the jury instruction given on attempted voluntary manslaughter was fundamentally flawed under the circumstances of this case, which are identical to those in Williams v. State, 123 So.3d 23, 27 (Fla.2013) (“We hold, consistent with, our holding in [State v.] Montgomery, [39 So.3d 252, 258 (Fla.2010),] that a trial court commits fundamental error in giving the standard jury instruction on attempted manslaughter by act where the defendant is convicted of a crime no more than one step removed from the improperly instructed offense. As we made clear • in Montgomery, the manslaughter statute does not impose a requirement that the defendant intend to kill the victim. Similarly, in order to convict a defendant for an attempted manslaughter, there is no requirement that the defendant intend to kill the victim but for some reason failed to do so.”).
However, we conclude from the record of the trial that defense counsel waived the error. In Joyner v. State, 41 So.3d 306 (Fla. 1st DCA 2010), we declined to reverse the appellant’s second-degree murder conviction under Montgomery, distinguishing that case because, inter alia, “the defense not only failed to object to the standard jury instruction on manslaughter, he specifically agreed to that instruction at the charging conference and incorporated the .instruction into his closing argument to the jury.” Id. at 307. Although Facin’s counsel did not incorporate the erroneous instruction into his closing argument, he did affirmatively agree to the instruction and declined several opportunities to challenge the language. During the charging conference, the trial court specifically asked whether defense counsel approved of the language found in the instruction on attempted voluntary manslaughter. Defense counsel responded in the affirmative. The trial court later referred to the wording of the lesser-included offense instructions, asking “does anyone have-any exceptions, objections or want to add anything else to what I just put on the record[?]” Defense counsel made none. Montgomery notably came up during a discussion on lesser-included offenses generally. In response to a statement made by the trial court, the prosecutor said:
*862 I believe that what you are talking about was the Montgomery problem with the lesser -of manslaughter not being accurately reflected in terms of the language. :That was a problem not just .with this jurisdiction but with many because the supreme court decided that the instruction regarding manslaughter actually was inaccurate[.]
Despite the reference to and explanation of Montgomery, defense counsel said nothing. Then, later in the proceedings, the jury sought clarification on the difference between attempted second-degree murder and attempted voluntary manslaughter. The jury specifically asked about the phrases “intentionally committed an act which would have resulted in the death [of the victim]” from the attempted second-degree murder instruction, and “committed an act which was intended to cause the death [of the victim]” from the attempted voluntary manslaughter instruction. When asked by the court whether it should answer the query with any explanation other than to tell the jurors they must rely on the instructions as given, defense counsel responded that he desire'd nothing beyond that. Taken together; counsel’s actions and responses cannot be characterized as mere acquiescence to an erroneous standard instruction. Cf. Williams v. State, 145 So.3d 997, 1003 (Fla. 1st DCA 2014) (explaining that waiver of a claim of fundamental error in a jury instruction requires more than “unknowing acquiescence” to the instruction); Moore v. State, 114 So.3d 486, 493 (Fla. 1st DCA 2013) (holding that counsel’s mere failure to object to an erroneous jury instruction is insufficient by itself to waive a claim of fundamental error based upon the instruction). “[W]here defense counsel agrees to a standard- jury instruction and then challenges the conviction based upon fundamental error in that instruction, reversal would have the unintended consequence of encouraging defense counsel to ‘stand mute and, if necessary, agree to an erroneous instruction’ or sacrifice his client’s opportunity for a second trial.” Joyner, 41 So.3d at 307 (quoting Calloway v. State, 37 So.3d 891, 897 (Fla. 1st DCA 2010)). “Encouraging counsel to invite such error subverts the trial process and is counter to the interests of justice.” Id.
We decline Faein’s invitation, in the third issue he raises on appeal, to find ineffective assistance of counsel, however. Claims of ineffective assistance of trial counsel are generally not cognizable on direct appeal. See Bruno v. State, 807 So.2d 55, 63 (Fla.2001); Fox v. State, 104 So.3d 371, 371 (Fla. 1st DCA 2012).
The “rare” exception to this general rule exists where “(1) the ineffectiveness is apparent on the face of the record, and (2) it would be ‘a waste of judicial resources to require the trial court to address the issue.’ ” Ellerbee v. State, 87 So.3d 730, 739 (Fla.2012) (quoting Blanco v. Wainwright, 507 So.2d 1377, 1384 (Fla.1987)). In other words, an appellate court will consider such a claim only if it is obvious from the record that counsel was ineffective, “the prejudice caused by the conduct is indisputable, and a tactical explanation for the conduct is inconceivable.” Dailey v. State, 46 So.3d 647, 647 (Fla. 1st DCA 2010) (quoting Corso v. State, 806 So.2d 642, 645 (Fla. 2d DCA 2002)).
Fox at 371. We cannot say with confidence there is no conceivable tactical explanation for the conduct of Facin’s trial counsel described above, as the trial transcript reflects that counsel strategically waived a jury instruction on a lesser-in■cluded offense to shooting or throwing deadly missiles. Facin may, of course, raise this ineffective assistance of counsel claim by filing a postconviction motion un *863 der Florida Rule of Criminal Procedure 3.850.
AFFIRMED.
SWANSON and OSTERHAUS, JJ., concur.

. See Fla. R.App. P. 9.330.