NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MICHAEL MCALKICH, DOC #T75693, )
                                         )
           Appellant, )
                                           )
v. )
                                           )      Case No. 2D16-4675
STATE OF FLORIDA, )
                                           )
           Appellee. )
_____ )

Opinion filed May 1, 2019.

Appeal from the Circuit Court for Polk
County; John K. Stargel, Judge.

Howard L. Dimmig, II, Public Defender,
and Matthew D. Bernstein, Assistant
Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Bilal Ahmed Faruqui,
Assistant Attorney General, Tampa; and
Allison C. Heim, Assistant Attorney
General, Tampa (substituted as counsel
of record), for Appellee.


PER CURIAM.

         Michael McAlkich appeals his convictions and sentences following a jury

trial, arguing that the trial court erred in imposing a prison releasee reoffender sentence

on his conviction for battery on a law enforcement officer.[1]  The State properly conceded error on appeal.[2]  See Elmore v. State, 172 So. 3d 465, 466 (Fla. 1st DCA 2015) ("It is undisputed that battery on a law enforcement officer is neither a qualifying nor an enumerated offense under the PRR statute.  Moreover, the erroneous imposition of PRR status renders a sentence illegal." (first citing State v. Hearns, 961 So. 2d 211, 212 (Fla. 2007), then citing Kirkland v. State, 71 So. 3d 254, 255 (Fla. 2d DCA 2011))).  Accordingly, we affirm McAlkich's convictions and sentences on counts one and three without further comment, but we reverse McAlkich's sentence on count two and remand for the trial court to strike the PRR designation.

Affirmed in part; reversed in part; remanded.

KELLY, KHOUZAM, and SLEET, JJ., Concur.

---

[1]McAlkich filed a timely Florida Rule of Criminal Procedure 3.800(b)(2) motion challenging his PRR sentence on count two as unlawful before filing the initial brief in this case.  Because the trial court failed to timely rule on the motion, it was deemed denied.  See Fla. Crim. R. P. 3.800(b)(2)(B).

[2]The State also argued that McAlkich's sentence on count three for resisting an officer with violence should be reversed and remanded for imposition of a PRR sentence.  However, because the State failed to cross-appeal McAlkich's sentence, the issue is not properly before us.  See Pope v. State, 884 So. 2d 328, 330 (Fla. 2d DCA 2004) (explaining that the State's failure to file a cross-appeal waived its argument that the trial court was required to impose a certain sentence).