# Third District Court of Appeal

## State of Florida

Opinion filed February 17, 2021.

_____

No. 3D18-1246
Lower Tribunal No. 16-9295
_____

**Elisha Baxter,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Charles K. Johnson, Judge.

Carlos J. Martinez, Public Defender, and James A. Odell, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Joanne Diez, Assistant Attorney General, for appellee.

Before FERNANDEZ, LOGUE and GORDO, JJ.

GORDO, J.

**ON MOTION FOR CLARIFICATION**

We grant Elisha Baxter's motion for clarification of our January 20, 2021 opinion and substitute the following opinion in its place.

Elisha Baxter appeals his conviction and sentence for second-degree murder with a deadly weapon. We have jurisdiction. See Fla. R. App. P. 9.140(b)(1)(A). Baxter argues there was insufficient evidence at trial to sustain the conviction and that his counsel was ineffective for failing to move for a reduction of the charge to manslaughter. Because the record before us contains competent, substantial evidence of Baxter's guilt and the jury was appropriately instructed on the lesser-included offense of manslaughter, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Elisha Baxter shot Derrius Meriweather to death outside Grumpy's Bar and Grill in broad daylight with witnesses and video abounding. The two men had been involved in a fist fight two weeks prior, in which Baxter was admittedly victorious. On the date in question, Meriweather was outside the bar when Baxter arrived with his friend, Albert Sistrunk, a 200-pound former wrestler. Baxter and Sistrunk approached Meriweather, who began walking backwards to get away from them. The bartender at Grumpy's took out her cellphone and began recording as she saw Baxter and Sistrunk approach Meriweather because she gleaned there was about to be a fight from the

2

way Baxter was speaking to Meriweather. Baxter and Sistrunk followed Meriweather clear across the parking lot and corralled him in the swale of a major roadway. Then suddenly, Meriweather bent down to pick up something from the ground and stabbed Baxter.

The men took off running. While Sistrunk and Meriweather ran away from Grumpy's in separate directions, Baxter ran back to the parking lot and retrieved a firearm from inside his truck. Baxter loaded his gun, ran back across the parking lot and crossed the street, shooting Meriweather several times from behind. Meriweather's body was found in the backyard of the house across the street with a total of ten gunshot wounds. The medical examiner testified the gunshot wounds were consistent with Meriweather running away from the shooter, bending over or being on the ground.

In his defense, Baxter testified that he had beaten up Meriweather a few weeks prior to the incident at Grumpy's but claimed they had no "beef." His testimony was that Meriweather approached and stabbed him without provocation, and that he ran to his car to get the gun in order to defend his friend, Sistrunk. Baxter then explained that after he chased Meriweather to the house, Meriweather charged at him and he shot back in self-defense. But Baxter also admitted to shooting Meriweather from behind while he was running away from him.

3

At the close of the case, the trial court denied the defense's motion for judgment of acquittal. The court found that competent, substantial evidence had been submitted for each element of the charged crime and it was for the jury to evaluate the evidence and the credibility of the witnesses to determine whether a crime was committed or whether Baxter's use of force was excusable or justifiable. The trial court instructed the jury as to the elements of second-degree murder, the lesser-included offense of manslaughter, justifiable homicide and excusable homicide. The jury found Baxter guilty of second-degree murder with a deadly weapon. Baxter was sentenced to a term of thirty-two years imprisonment. He appeals his conviction and sentence.

## STANDARD OF REVIEW

"In reviewing an order denying a motion for judgment of acquittal, our standard of review is *de novo*, whereby this Court reviews the evidence presented below to determine whether, as a matter of law, the evidence is legally adequate to sustain the defendant's conviction." Garcia v. State, 276 So. 3d 860, 865 (Fla. 3d DCA 2019) (citing Johnston v. State, 863 So. 2d 271, 283 (Fla. 2003)). Generally, a conviction that is supported by competent, substantial evidence will be affirmed. Id. "There is sufficient evidence to sustain a conviction if, after viewing the evidence in the light

4

most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt." Id. at 865–66 (quoting Johnston, 863 So. 2d at 283). "Where 'a rational trier of fact could lawfully find that the evidence proved the existence of all the elements of the crime of second-degree murder beyond a reasonable doubt,' the appellate court should defer to the trial court's denial of a motion for judgment of acquittal." Sandhaus v. State, 200 So. 3d 112, 114 (Fla. 5th DCA 2016) (quoting Morgan v. State, 127 So. 3d 708, 718 (Fla. 5th DCA 2013)).

## LEGAL ANALYSIS

Second-degree murder is "[t]he unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life . . ." § 782.04(2), Fla. Stat. (2019). Baxter argues that the evidence in the record is insufficient to sustain the jury's finding that Baxter's killing of Meriweather was an act evincing a depraved mind.[1] We find, however, that the State presented competent,

---

[1]

> Florida Standard Jury Instructions define the term "imminently dangerous to another and evincing a depraved mind regardless of human life" as an act or series of acts that:
> 1. a person of ordinary judgment would know is reasonably certain to kill or do serious bodily injury to another, and

5

substantial evidence in the form of eye-witness testimony, photos, a cell phone camera video and video surveillance from which the jury could find the depraved mind element. The evidence presented to the jury showed that Baxter initially confronted and corralled Meriweather and then ran to his truck to retrieve a gun, loaded it with ammunition, chased Meriweather down and shot him multiple times in the back. The jury also heard, and rejected, Baxter's own account of the incident. On review, we conclude the evidence was legally adequate to sustain Baxter's conviction and affirm the denial of the motion for judgment of acquittal. See Finch v. State, 299 So. 3d 579, 581 (Fla. 1st DCA 2020) ("Because a reasonable jury could find that the evidence, viewed in a light most favorable to the State, established beyond a reasonable doubt that Appellant shot the victim with ill will, malice, hatred, spite, or evil intent, the trial court did not err by denying his motion for judgment of acquittal.").

---

2. is done from ill will, hatred, spite or an evil intent, and
3. is of such a nature that the act itself indicates an indifference to human life.
To prove that an act demonstrates a depraved mind, the state must prove that it was done from "ill will, hatred, spite or an evil intent."

Sigler v. State, 805 So. 2d 32, 34 (Fla. 4th DCA 2001) (internal citations omitted).

Baxter additionally argues that his counsel was ineffective for failing to move for a reduction of the charge to manslaughter as a matter of law. Generally, "a claim of ineffective assistance of counsel may not be raised on direct appeal." Corzo v. State, 806 So. 2d 642, 645 (Fla. 2d DCA 2002). "On rare occasions, the appellate courts make an exception to this rule when the ineffectiveness is obvious on the face of the appellate record, the prejudice caused by the conduct is indisputable, and a tactical explanation for the conduct is inconceivable." Id. This case is not an exception to the rule as ineffectiveness is not apparent on the face of this record.

Affirmed.