# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D22-2281
LT Case No. 2017-CF-000351-A

———————————————

JEROME KEITH LAFORTUNE,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

———————————————

3.850 Appeal from the Circuit Court for Seminole County.
Donna L. McIntosh, Judge.

Paula C. Coffman, of Law Office of Paula Coffman, Orlando, for
Appellant.

Ashley Moody, Attorney General, Tallahassee, and Allison Leigh
Morris, Assistant Attorney General, Daytona Beach, for Appellee.

April 12, 2024

PER CURIAM.

   Jerome Keith Lafortune appeals from the final order
summarily denying Grounds 1 and 3 of his motion for
postconviction relief filed pursuant to Florida Rule of Criminal
Procedure 3.850. Because the portions of the record attached to the
postconviction court's order do not conclusively refute Lafortune's

claim that counsel rendered ineffective assistance for failing to object to the admission of a photograph (Ground 3), we reverse the order to the extent that claim was summarily denied and remand for further proceedings.

To begin, the postconviction court summarily denied Grounds 1 and 3 because Lafortune had raised the same claims in an amended motion for new trial, claims that "could have or should have" been raised on direct appeal. This was error. Lafortune's conviction was affirmed without opinion in his direct appeal,[*] but that does not preclude him from raising the ineffective assistance of counsel claims in a postconviction motion. *See Blandin v. State*, 128 So. 3d 235, 236 (Fla. 2d DCA 2013) (noting that "when an ineffective assistance of counsel claim is raised on direct appeal and the appellant's conviction and sentence are affirmed without a written opinion, the law of the case does not establish that this court rejected the claim on the merits").

The reason for generally allowing ineffective assistance of counsel claims in postconviction proceedings was explained by Judge Altenbernd in *Corzo v. State*:

> Because of the strict rules limiting claims for ineffective assistance of counsel on direct appeal, the appellate courts typically reject the issue as both premature and requiring evidence beyond the appellate record. Accordingly, unless a direct appeal is affirmed with a written opinion that expressly addresses the issue of ineffective assistance of counsel, an affirmance on direct appeal should rarely, if ever, be treated as a procedural bar to a claim for ineffective assistance of counsel on a postconviction motion.

806 So. 2d 642, 645 (Fla. 2d DCA 2002). Here, nothing procedurally precluded Lafortune from asserting Grounds 1 and 3 in the postconviction context; this court's affirmance without opinion

---

[*] *Lafortune v. State*, 277 So. 3d 1050 (Fla. 5th DCA 2019).

does not bar consideration of those claims in postconviction proceedings.

In summarily denying Ground 1 of Lafortune's postconviction motion, the postconviction court addressed the merits of his claim for relief and attached the portions of the record which conclusively demonstrate that Lafortune is not entitled to relief. *See* Fla. R. Crim. P. 3.850(f)(4). Affirmance is in order on this ground.

The merits of Ground 3, however, were not addressed. Accordingly, we affirm the postconviction court's order summarily denying relief on Ground 1 but reverse the order as to Ground 3 and remand for the postconviction court to hold an evidentiary hearing or attach portions of the record that conclusively show that Lafortune is not entitled to relief. Lafortune's cumulative error argument in this appeal should be addressed after the postconviction court's review of Ground 3.

AFFIRMED in part; REVERSED and REMANDED in part.

EDWARDS, C.J., and MAKAR and MACIVER, JJ., concur.

––––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––––